Nancy Curry, Chapter 13 Trustee
1000 Wilshire Boulevard, Suite 870
Los Angeles, CA 90017
Tel: (213) 689-3014
Fax: (213) 689-3055

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION** ||
| IN RE: <br><br> SISKIND, JEFFREY MARC | CASE NO. 2:23-bk-11720-VZ <br><br> CHAPTER 13 <br><br> **TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN UNDER 11 USC §§§1322, 1325 AND 1326; DECLARATION IN SUPPORT; NOTICE OF POSSIBLE DISMISSAL OR CONVERSION UNDER 11 USC §1307** <br><br> DATE: May 13, 2024 <br> TIME: 10:00 AM <br> COURTROOM:    1368 <br>                              255 East Temple Street <br>                              Los Angeles, CA 90012 |

The Chapter 13 Standing Trustee hereby objects to the confirmation of the proposed plan because the Debtor has failed to meet all necessary requirements as detailed in the attached declaration and supporting Exhibit A.

    THE FAILURE OF THE DEBTOR, OR THE ATTORNEY REPRESENTING THE DEBTOR, TO RESPOND TO THESE OBJECTIONS, APPEAR AT THE CONFIRMATION HEARING AND FAILURE TO PRESENT EVIDENCE THAT ALL REQUIRED PAYMENTS ARE CURRENT MAY RESULT IN DISMISSAL OR CONVERSION OF THE CASE.

Therefore, the Trustee respectfully requests that confirmation of the plan be denied and for such other relief as the Court may deem appropriate.

DATED:   <u>May 5, 2023</u>                                                                    /s/ Nancy Curry
                                                                                                       Chapter 13 Standing Trustee

## **DECLARATION OF MASAKO OKUDA**

I, MASAKO OKUDA, declare as follows:

1.  Nancy Curry is the Chapter 13 Standing Trustee in this matter:

    SISKIND, JEFFREY MARC, 2:23-bk-11720-VZ

    I am employed by the Trustee as a staff attorney and am duly qualified to make this declaration. The Trustee has files and records kept by her office in the regular course of business. I have personally reviewed the files and records kept by her office in the within case. The following facts are true and correct within my own personal knowledge and I could and would testify competently thereto if called upon to do so.

2.  I object to the confirmation of the proposed Plan because of the specific deficiencies which are set forth in the attached Exhibit A which is incorporated herein by reference.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Los Angeles, California on May 5, 2023.

DATED: May 5, 2023                                             /s/ Masako Okuda
                                                               Masako Okuda

**Debtor:** SISKIND, JEFFREY MARC (pro per)
**Case No.:** 2:23-bk-11720-VZ          §341(a): 5/4/2023

# EXHIBIT A

| |
|---|
| **The Trustee objects to any provision of the plan that fails to comply with the provisions of the bankruptcy code and rules, including provisions related to plan duration.** |
| **Other issues may arise at or before confirmation requiring additional action or information by the debtor and counsel.** |

| **Debtor is ineligible** | **In re Scovis v. Henrichsen, 249 F.3d 975, 981 (9th Cir. 2001)** |
|---|---|

The total amount of the claims (scheduled and filed combined - $3,531,987) exceeds the statutory limit under 11 U.S.C. § 109(e).

In determining debtor's eligibility for Chapter 13 relief, bankruptcy court must rely on primarily on debtor's schedules and on timely-filed proofs of claim. In re Hanson, 275 B.R. 593, 596 (Bankr. D. Colo. 2002).

**Venue**

The Debtor is requested to provide proof that his domicile, residence, principal of business, or principal assets have been located for the longest portion of the 180 days proceeding the filing. [28 U.S.C. § 1408]

**Plan service and notice**

The Debtor has failed to file and serve the notice of §341(a) meeting and confirmation hearing.

[FRBP 3015(f); 5003(e) and LBRs 2002-2(c)(1); 3015-1(b)(3), (d)(1) & (g)(1); 9013-3(a)]

| **Failure to disclose** | **In re Rolland, 317 BR 402 (Bankr. C.D. Cal 2004)** |
|---|---|

The Debtor has failed to disclose assets and debts, and complete the Petition and Schedules accurately.
[11 USC §521(a)(1)]

1. The Voluntary Petition (Form 101) is not signed.

2. The address at 3183 Wilshire Blvd, Los Angeles, CA is listed as the Debtor's residential address on the Voluntary Petition; however, the Debtor stated at the § 341(a) Meeting that he never resided there.

3. The Declaration About an Individual Debtor's Schedules (Form 106Dec) is not signed.

4. Schedule C - The Debtor has failed to specify applicable law (code sections) to exempt equity in the personal property.

5. Schedule E/F – (1) No claim amount is disclosed for multiple creditors and (2) Part 4 of Schedule E/F is missing.

6. Form 122C-1 – No. 16 is incomplete (no state or household size is specified).

**Feasibility**

The Plan is infeasible because there is no provision for certain claims – U. S. Bank. [11 USC § 1325(a)(6)]

**The Plan**

Class-1 of the Chapter 13 Plan is inaccurate. The amount of priority claim owed to the IRS is $150,000; whereas the total payment amount is merely $3,000.

| **Best effort** | **Hamilton v. Lanning**, 130 S.Ct. 2464 (2010) |
|---|---|

The Plan does not represent a best effort of the Debtor because not all scheduled expenses appear to be reasonable and/or necessary: [11 USC § 1325(b)(1)(B)]

    (1)  Food / housekeeping supplies $1,700/mo v. the IRS standard for a household size of 4 $1,213/mo
    (2)  Personal care products/services $300/mo v. the IRS standard $91/mo.

The Debtor's two adult children (23-year-old daughter and 20-year-old son) should not be supported by the Debtor.

Expenditures for the benefit of persons, such as adult children, whom a debtor is not required to support are not reasonable and necessary expenses. College tuition and other expenses for an adult child are not reasonable in context of disposable income calculation under § 1325(b)(1)(B). In re Burbol, 2011 WL 890684 (Bankr. M.D. Pa.); In re Lanza, 450 B.R. 81, 87 (Bankr. M.D. Penn. 2011).

Debtors' food expense, which is in part supporting their two adult children in college, should be reduced by the amount apportioned for their adult children's expenses. McGowan v. McDermott, 445 B.R. 821, 825 (N.D. Ohio 2011).

**Liquidation**

The Plan provides less for general unsecured creditors than they would receive in Chapter 7 [11 USC §1325(a)(4)].

There is non-exempt equity in the personal property in the amount of $3.4 million.

**Income**

The Debtor has failed to timely (7 days before the §341(a) debtor examination) provide:

(1) Payment advices (paystub copies) [11 USC §521(a)(1), LBR 3015-1(c)(3)].

(2) Complete copies of 2021 Federal and State Income Tax Returns [11 USC §521(e)(2), LBR 3015-1(c)(3)].

The Debtor has failed to comply with the business reporting requirements of LBR 3015-1(c)(4).

Both of the Debtor and his spouse are operating businesses.
The Debtor owns three businesses (1) Siskind, PLLC; (2) AmTech, LLC; and (3) BDSI, Inc.
The non-filing spouse is a self-employed realtor.

The Debtor is requested to provide:
- Actual monthly income and expense statements for September 2022 – 2023 YTD with supporting bank statements; and continue to provide these statements each month until a plan is confirmed; and,
- Complete Federal and State business income tax returns for 2021 and 2022.

The Income and Expense Statement Form can be downloaded from the Trustee's website: **http://curry.trustee13.com**.

**Miscellaneous**

(1) The Debtor is requested to provide a copy of the credit report.

(2) The Debtor has failed to file the Declaration RE Filing of Tax Returns and Payment of Domestic Support Obligations (Preconfirmation).

(3) The Debtor is requested to provide proof that he has no ownership interest in the following three pieces of real property:
- 3465 Santa Barbara Dr, Wilmington, FL – the Debtor stated that the property is in the Trust.
- 401 Carysfort Rd, Key Largo, FL – the Debtor stated that the property was sold in 2017.
- 2773 S. Ocean 102, Palm Beach, FL – the Debtor stated that the property is owned by his parents.

(4) The Debtor is requested to provide a copy of the trust (The second Siskind Trust).

**PROOF OF SERVICE DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

        1000 Wilshire Blvd., Suite 870
        Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (specify) **TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN UNDER 11 USC §§§1322, 1325 AND 1326; DECLARATION IN SUPPORT; NOTICE OF POSSIBLE DISMISSAL OR CONVERSION UNDER 11 USC §1307** will be served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 5, 2023, I checked the CM/ECF document for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**2. SERVED BY UNITED STATES MAIL:** On May 5, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

    SISKIND, JEFFREY MARC                          IN PRO PER

    3465 SANTA BARBARA DR.
    WELLINGTON, FL 33414                            ,  -

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on May 5, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission, and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

    Honorable Vincent Zurzolo
    U.S. Bankruptcy Court
    Bin outside of Suite 1360
    255 East Temple Street
    Los Angeles, CA 90012

I declare under penalty of perjury that the laws of the United States that the foregoing is true and correct.

| May 5, 2023 | Carlos Robles | /s/ Carlos Robles |
|---|---|---|
| Date | Type Name | Signature |