File No. CA-23-173267

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>JaVonne M. Phillips, Esq., SBN 187474<br>McCarthy & Holthus, LLP<br>2763 Camino Del Rio South, Suite 100<br>San Diego CA 92108<br><br>Phone (619) 685-4800 Ext. 3970<br>Fax (619) 685-4810<br>bknotice@mccarthyholthus.com<br><br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| Jeffrey Marc Siskind<br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:23-bk-11720-VZ<br>CHAPTER: 13<br><br>**NOTICE OF MOTION AND MOTION<br>FOR RELIEF FROM THE AUTOMATIC<br>STAY UNDER 11 U.S.C. § 362**<br>(with supporting declarations)<br>**(REAL PROPERTY)**<br><br>DATE: August 15, 2023<br>TIME: 10:00 a.m.<br>COURTROOM: 1368 |
|---|---|

**MOVANT:** U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as Trustee as successor by merger to LaSalle Bank National Association as Trustee, for WaMU Mortgage Pass-Through Certificates Series 2007-OA5, its assignees and/or successors

1. **Hearing Location:**

   ☒ 255 East Temple Street, Los Angeles, CA 90012      ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 1                               F 4001-1.RFS.RP.MOTION

File No. CA-23-173267

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 7/11/2023

McCarthy & Holthus, LLP
Printed name of law firm (if applicable)

JaVonne M. Phillips, Esq.
Printed name of individual Movant or attorney for Movant

/s/ JaVonne M. Phillips
Signature of individual Movant or attorney for Movant

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                           Page 2                           F 4001-1.RFS.RP.MOTION

File No. CA-23-173267

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☐ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.
   ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.
   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.
   ☐ Other (*specify*):

2. **The Property at Issue (Property):**

   a. Address:

   *Street address*: 3465 Santa Barbara Dr
   *Unit/suite number*: N/A
   *City, state, zip code*: Wellington, FL 33414

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit A): 20070267389, Palm Beach County, Florida

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary bankruptcy petition under chapter ☐ 7 ☐ 11 ☐ 12 ☒ 13 was filed on *(date)*: 03/23/2023

   b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on *(date)*: N/A

   c. ☐ A plan, if any, was confirmed on *(date)*: N/A

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1) ☐ Movant's interest in the Property is not adequately protected.

   (A) ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

   (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

   (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2) ☐ The bankruptcy case was filed in bad faith.

   (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

   (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

   (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

   (D) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   (F) ☐ Other (*see attached continuation page*).

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

File No. CA-23-173267

    (3) ☒ *(Chapter 12 or 13 cases only)*

        (A) ☐ All payments on account of the Property are being made through the plan.

            ☐ Preconfirmation ☐ Postconfirmation plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

        (B) ☒ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

    (4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

    (5) ☐ The Movant regained possession of the Property on *(date)* N/A____, which is ☐ prepetition ☐ postpetition.

    (6) ☒ For other cause for relief from stay, see attached continuation page.

  b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

  c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

  d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☐ Multiple bankruptcy cases affecting the Property.

5. ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property of the Debtor.

  a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions

  b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit N/A .

  c. ☐ Other *(specify)*: N/A

6. **Evidence in Support of Motion:** *(Declaration(s) MUST be signed under penalty of perjury and attached to this motion)*

  a. The REAL PROPERTY DECLARATION on page 6 of this motion.

  b. ☒ Supplemental declaration(s).

  c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit N/A .

  d. ☒ Other: Deed of Trust attached hereto as **Exhibit "A"**, Assignments attached hereto as **Exhibit "B"**, Merger Documents attached hereto as **Exhibit "C"**, A copy of the promissory note is attached hereto as **Exhibit "D"**, Loan Modification Agreement attached hereto as **Exhibit "E"**, Limited Power of Attorney attached hereto as **Exhibit "F"**, Payment History attached hereto as **Exhibit "G"**

7. ☐ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017      Page 4      F 4001-1.RFS.RP.MOTION

File No. CA-23-173267

**Movant requests the following relief:**

1. Relief from the stay is granted under: ☒ 11 U.S.C. § 362(d)(1)  ☐ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362 (d)(3)

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☒ Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4. ☐ Confirmation that there is no stay in effect.

5. ☐ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6. ☐ The co-debtor stay of 11 U.S.C. §1201(a) or §1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:

    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9. ☐ Relief from the stay is granted under 11 U.S.C. § 362(d)(4): If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:

    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☒ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☐ If relief from stay is not granted, adequate protection shall be ordered.

14. ☐ See attached continuation page for the other relief requested.

Date: 7/11/2023

McCarthy & Holthus, LLP
Printed name of law firm (*if applicable*)

JaVonne M. Phillips, Esq.
Printed name of individual Movant or attorney for Movant

/s/ JaVonne M. Phillips
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017    Page 5    F 4001-1.RFS.RP.MOTION

File No. CA-23-173267

# REAL PROPERTY DECLARATION

I, (*print name of Declarant*) _____Kendall Proeun_____, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

   a. ☐ I am the Movant.

   b. ☐ I am employed by Movant as (*state title and capacity*): N/A

   c. ☒ Other (*specify*): Employed by Servicing Agent, Select Portfolio Servicing, Inc., as a **Document Control Officer**

2. a. ☒ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (*see attached*): N/A

3. The Movant is:

   a. ☐ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit N/A.

   b. ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit __A, B and C__.

   c. ☐ Servicing agent authorized to act on behalf of the:
      ☐ Holder
      ☐ Beneficiary

   d. ☒ Other (*specify*): The Promissory Note (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit __D__.

4. a. The address of the Property:

   Street address: 3465 Santa Barbara Dr
   Unit/suite no.: N/A
   City, state, zip code: Wellington, FL 33414

   b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is: 20070267389, Palm Beach County, Florida

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017    Page 6    F 4001-1.RFS.RP.MOTION

File No. CA-23-173267

5. Type of property (check all applicable boxes):

   a. ☐ Debtor's principal residence     b. ☐ Other residence
   c. ☐ Multi-unit residential            d. ☐ Commercial
   e. ☐ Industrial                        f. ☐ Vacant land
   g. ☒ Other (specify): unknown

6. Nature of the Debtor's interest in the Property:

   a. ☒ Sole owner
   b. ☐ Co-owner(s) (specify): N/A
   c. ☐ Lien holder (specify): N/A
   d. ☐ Other (specify): N/A
   e. ☒ The Debtor ☐ did ☒ did not    list the Property in the Debtor's schedules.
   f. ☒ The Debtor acquired the interest in the Property by ☐ grant deed ☐ quitclaim deed ☒ trust deed.

      The deed was recorded on (date) 06/01/2007.

7. Movant holds a    ☒ deed of trust  ☐ judgment lien  ☐ other (specify)
   that encumbers the Property.

   a. ☒ A true and correct copy of the document as recorded is attached as **Exhibit "A"**.
   b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as **Exhibit "D"**.
   c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as **Exhibit "B"**.

8. Amount of Movant's claim with respect to the Property:

|   |   | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $N/A | $N/A | $3,168,311.24** |
| b. | Accrued interest: | $N/A | $N/A | $216,633.32 |
| c. | Late charges: | $N/A | $N/A | $N/A |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $N/A | $N/A | $1,486.91 |
| e. | Advances (property taxes, insurance): | $N/A | $N/A | $102,259.19 |
| f. | Less suspense account or partial balance paid: | $N/A | $N/A | $N/A |
| g. | TOTAL CLAIM as of (date): 06/12/2023 | $N/A | $N/A | $3,488,690.66 |

   h. ☐ Loan is all due and payable because it matured on (date): N/A
   ** $951,150.39 of the Principal Balance is a Deferred Principal Balance resulting from the Loan Modification.

9. Status of Movant's foreclosure actions relating to the Property (fill the date or check the box confirming no such action has occurred):

   a. Notice of default recorded on (date) N/A or ☒ none recorded.
   b. Notice of sale recorded on (date) N/A or ☒ none recorded
   c. Foreclosure sale originally scheduled for (date) N/A or ☒ none scheduled.
   d. Foreclosure sale currently scheduled for (date) N/A or ☒ none scheduled
   e. Foreclosure sale already held on (date) N/A or ☒ none held
   f. Trustee's deed upon sale already recorded on (date) N/A or ☒ or none recorded

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017    Page 7    F 4001-1.RFS.RP.MOTION

File No. CA-23-173267

10. Attached (*optional*) as **Exhibit "G"** is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☐ (*chapter 7 and 11 cases only*) Status of Movant's loan:

    a. Amount of current monthly payment as of the date of this declaration: $ N/A for the month of N/A.

    b. Number of payments that have come due and were not made: N/A. Total amount: $ N/A

    c. Future payments due by time of anticipated hearing date (*if applicable*):

    An additional payment of $N/A will come due on N/A, and on the N/A day of each month thereafter. If the payment is not received within N/A days of said due date, a late charge of $N/A will be charged to the loan.

    d. The fair market value of the Property is $N/A, established by:

       (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit N/A.
       (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit N/A.
       (3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit N/A.
       (4) ☐ Other (*specify*): N/A

    e. **Calculation of equity/equity cushion in Property:**
    Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

|  | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | N/A | N/A | N/A |
| 2nd deed of trust: | N/A | N/A | N/A |
| 3rd deed of trust: | N/A | N/A | N/A |
| Judgment liens: | N/A | N/A | N/A |
| Taxes: | N/A | N/A | N/A |
| Other: | N/A | N/A | N/A |
|  | N/A | N/A | N/A |
| **TOTAL DEBT:** $ | N/A |  |  |

    f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit N/A and consists of:

       (1) ☐ Preliminary title report.
       (2) ☐ Relevant portions of the Debtor's schedules.
       (3) ☐ Other (*specify*): N/A

    g. ☐ **11 U.S.C. § 362(d)(1) – Equity Cushion:**
    I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $N/A and is N/A% of the fair market value of the Property.

    h. ☐ **11 U.S.C. § 362(d)(2) – Equity:**
    By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $N/A             .

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 8                                F 4001-1.RFS.RP.MOTION

File No. CA-23-173267

i. ☐ Estimated costs of sale: $N/A (estimate based upon N/A % of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because: N/A

12. ☒ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

   a. A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: 05/04/2023.
   A plan confirmation hearing currently scheduled for (or concluded on) the following date: 05/13/2024.
   A plan was confirmed on the following date (*if applicable*): N/A_____.

   b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

   | Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
   |---|---|---|---|
   | 3 | N/A | $11,293.58 | $33,880.74 |
   | N/A | N/A | $N/A | $N/A |
   | N/A | N/A | $N/A | $N/A |
   | N/A | N/A | $N/A | $N/A |
   | N/A | N/A | $N/A | $N/A |
   | N/A | N/A | $N/A | $N/A |
   | N/A | N/A | $N/A | $N/A |
   | N/A | N/A | $N/A | $N/A |

   (See attachment for additional breakdown or information attached as Exhibit __G__.)

   c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

   | Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
   |---|---|---|---|
   | N/A | N/A | $ N/A | $ N/A |
   | N/A | N/A | $ N/A | $ N/A |
   | N/A | N/A | $ N/A | $ N/A |
   | N/A | N/A | $ N/A | $ N/A |
   | N/A | N/A | $ N/A | $ N/A |
   | N/A | N/A | $ N/A | $ N/A |
   | N/A | N/A | $ N/A | $ N/A |
   | N/A | N/A | $ N/A | $ N/A |

   d. Postpetition advances or other charges due but unpaid:   $N/A
   (*For details of type and amount, see Exhibit N/A*)

   e. Attorneys' fees and costs:   $N/A
   (*For details of type and amount, see Exhibit N/A*)

   f. Less suspense account or partial paid balance   $[0.00]

   TOTAL POSTPETITION DELINQUENCY:   $33,880.74

   g. Future payments due by time of anticipated hearing date (*if applicable*):
   An additional payment of $11,293.58 will come due on 07/01/2023, and on the 1st day of each month thereafter. If the payment is not received by the N/A day of the month, a late charge of $N/A will be charged to the loan.

   h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):

   $ N/A _____   received on N/A _____
   $ N/A _____   received on N/A _____
   $ N/A _____   received on N/A _____

   i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. A plan payment history is attached as Exhibit N/A. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                            Page 9                            F 4001-1.RFS.RP.MOTION

File No. CA-23-173267

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*) N/A_____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intention is attached as Exhibit _N/A_.

16. ☐ Movant regained possession of the Property on (date) N/A, which is ☐ prepetition ☐ postpetition.

17. ☐ The bankruptcy case was filed in bad faith:

   a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

   b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted

   c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   d. ☐ Other (specify):

18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

   a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

   b. ☐ Multiple bankruptcy cases affecting the Property include:

     1. Case name: N/A
        Chapter: _N/A_    Case number:N/A
        Date filed: N/A    Date discharged:N/A    Date dismissed:N/A
        Relief from stay regarding the Property ☐ was    ☐ was not granted.

     2. Case name: N/A
        Chapter: _N/A_    Case number:N/A
        Date filed: N/A    Date discharged:N/A    Date dismissed:N/A
        Relief from stay regarding the Property ☐ was    ☐ was not granted.

     3. Case name: N/A
        Chapter: _N/A_    Case number:N/A
        Date filed: N/A    Date discharged:N/A    Date dismissed:N/A
        Relief from stay regarding the Property ☐ was    ☐ was not granted.

   ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

   ☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017    Page 10    F 4001-1.RFS.RP.MOTION

File No. CA-23-173267

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit N/A___.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

07/06/2023      **Kendall Proeun**
Date                Printed name                           Signature

Kendall Proeun
Document Control Officer
Select Portfolio Servicing, Inc.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 11                              F 4001-1.RFS.RP.MOTION

File No. CA-23-173267

**Continuation Sheet**

### Item 4.a.(6) (Motion), Other cause for Relief From Stay (Motion)

Select Portfolio Servicing Inc., servicing Agent for U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as Trustee as successor by merger to LaSalle Bank National Association as Trustee, for WaMU Mortgage Pass-Through Certificates Series 2007-OA5, ("Creditor"), by and through undersigned counsel and pursuant to 11 U.S.C. §362(d), Fed. Rule Bankr. P. 4001, moves this Court for relief from the automatic stay to proceed *in rem*, and states:

1.  This Court has jurisdiction over the subject matter herein.
2.  On or about 04/13/2007, Jeffrey M Siskind executed and delivered a promissory note (the "Note"), and Jeffrey M Siskind and Tanya L. Siskind executed a security instrument (the "Instrument") securing payment of the Note. Creditor is entitled to enforce the Note, a copy of which is attached as **Exhibit "D"** to the list of Exhibits in Support of Motion for Relief from the Automatic Stay filed concurrently herewith.
3.  The Instrument was recorded on 06/01/2007 in the Official Records of Palm Beach County, Florida and encumbered the property commonly known as 3465 Santa Barbara Dr, Wellington, FL 33414. A copy of the Instrument is attached as **Exhibit "A"** to the list of Exhibits in Support of Motion for Relief from the Automatic Stay filed concurrently herewith.
4.  The legal description for the Property is as follows: see **Exhibit "A"**.
5.  The Instrument was subsequently assigned to U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as Trustee as successor by merger to LaSalle Bank National Association as Trustee, for WaMU Mortgage Pass-Through Certificates Series 2007-OA5 by virtue of an assignment of mortgage (the "Assignment of Mortgage") recorded on 05/29/2013 of Palm Beach County, Florida. A copy of the Assignment(s) of Mortgage is attached as **Exhibit "B"** to the list of Exhibits in Support of Motion for Relief from the Automatic Stay filed concurrently herewith.

File No. CA-23-173267

6. The loan was subsequently modified pursuant to the Loan Modification Agreement, a copy of which is attached as **Exhibit "E"** to the list of Exhibits in Support of Motion for Relief from the Automatic Stay filed concurrently herewith.

7. Select Portfolio Servicing, Inc. is the servicer of the loan described in the Note and Instrument and, as such, has the authority to bring this motion on the Creditor's behalf pursuant to a Power of Attorney, attached as **Exhibit "F"** to the list of Exhibits in Support of Motion for Relief from the Automatic Stay filed concurrently herewith.

8. The Debtor filed this voluntary Chapter 13 proceeding on 03/23/2023.

9. Jeffrey Marc Siskind ("Debtor") is in default under the Note and/or Instrument and is not adequately protecting the Creditor.

10. The amount due to the Creditor as of June 12, 2023 is $33,880.74, as evidenced by **Exhibit "G"** attached to the list of Exhibits in Support of Motion for Relief from the Automatic Stay filed concurrently herewith.

11. The Creditor asserts that cause exists pursuant to 11 U.S.C. §362(d)(1) for the automatic stay to be lifted.

12. The Creditor's security interest is jeopardized by the Debtors' failure to make regular payments under the Note and Instrument while Creditor is prohibited from pursuing its lawful remedies to protect such interest.

13. The default is based on the post-petition default. The post-petition monthly payment is $11,293.58, which is comprised of principal and interest, as well as any escrow amounts, if applicable. The Debtor is indebted to the Creditor in the total amount of $33,880.74. See **Exhibit "G"** attached to the list of Exhibits in Support of Motion for Relief from the Automatic Stay filed concurrently herewith.

14. Creditor further seeks relief to, at its option, offer, provide, and enter into any potential loan assistance agreement. Creditor requests that it may contact the Debtor via telephone or written correspondence to offer such an agreement.

15. Select Portfolio Servicing, Inc. is servicing the loan on behalf of the Creditor. Any payments made to the Creditor must be sent to:

   Select Portfolio Servicing, Inc.

File No. CA-23-173267

Attn: Remittance Processing

P.O. Box 65450, Salt Lake City, UT 84165-0450

16. Creditor hereby waives the requirement under § 362(e) that a hearing be held within 30 days of filing the Motion for Relief from the Automatic Stay.

17. Creditor respectfully requests that the Court waive the fourteen (14) day stay of the order granting relief pursuant to Fed. Rule Bankr. P. 4001 (a)(3), so that Creditor can pursue its *in rem* remedies without further delay.

UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| In re:<br><br>Jeffrey Marc Siskind,<br><br>Debtor. | Chapter: 13<br><br>Case No.: 2:23-bk-11720-VZ |
|---|---|

SUPPLEMENTAL DECLARATION IN SUPPORT OF
MOTION FOR RELIEF FROM AUTOMATIC STAY

I, _____Kendall Proeun_____, declare under penalty of perjury as follows:

1. I am a Document Control Officer of Select Portfolio Servicing, Inc. ("SPS") and am authorized to sign this supplemental declaration on behalf of SPS as servicing agent for U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-OA5, which is the entity that has the right to foreclose by virtue of being owner and holder of the note. This supplemental declaration is provided in support of the Motion for Relief from Stay (the "Motion").

2. As a mortgage servicer, SPS collects payments from borrowers and maintains up-to-date records concerning the loans it services in its electronic record-keeping system. SPS is a business and maintains the loan records in the course of its regularly conducted business activities and the records are made at or near the time of the event by or from information transmitted by a person with personal knowledge of the event. It is SPS's regular practice to keep such records in the ordinary course of a regularly conducted business activity.

3. I have access to SPS's business records, including the business records for and relating to the loan that is the subject of this action. I sign this supplemental declaration based upon my review of those records relating to the loan and from my own personal knowledge of how SPS's business records are kept and maintained.

4. To the extent that the business records of the loan in this matter were created by a prior servicer, the prior servicer's records for the loan were integrated and boarded into SPS's systems, such that the prior servicer's records concerning the loan are now part of SPS's business

records. SPS conducts quality control and verification as part of the boarding process to ensure the accuracy of the boarded records. It is the regular practice of SPS to integrate prior servicers' records into SPS's business records, and to rely upon the accuracy of those boarded records in providing its loan servicing functions. These prior servicer records are integrated and relied upon by SPS as part of SPS's business records.

5. The Debtor(s), Jeffrey M Siskind executed that certain promissory note referenced in the Motion (the "Note"). Pursuant to that certain security instrument referenced in the Motion ("Security Instrument") all obligations of the Debtor(s) under and with respect to the Note and Security Instrument are secured by the property referenced in the Motion.

6. The Creditor, directly or through an agent, has possession of the Note, which is either made payable to the Creditor or has been duly endorsed.

7. As of June 12, 2023, the unpaid principal balance of the Note is $3,168,311.24.

8. As of June 12, 2023, there are one or more defaults in paying post-petition amounts due, pursuant to the terms of the Note, as set forth in the chart below:

| Number of Missed Payments | From | To | Missed Principal and Interest | Missed Escrow (if applicable) | Monthly Payment Amount | Total Amounts Missed |
|---|---|---|---|---|---|---|
| 3 | 4/1/2023 | 6/1/2023 | $8,431.98 | $2,861.60 | $11,293.58 | $33,880.74 |
| Escrow Shortage: | | | | | | $0.00 |
| Less post-petition partial payments (suspense balance): | | | | | | ($0.00) |

**Total:    $33,880.74**

As of the date listed in this paragraph, the total post-petition arrearage/delinquency is $33,880.74. This is the amount necessary to cure any post-petition default on or about the date hereof.

9. The next payment under the terms of the Note will come due on 07/01/2023 and is in the amount of $11,293.58.

10. Attached as **Exhibit "G"** is a post-petition payment history.

11. The current status of any pending loss mitigation evaluations is as follows:

| | | |
|---|---|---|
| Modification Programs | Pending N/A | Not Pending ✓ |
| Short Sale | Pending N/A | Not Pending ✓ |
| Deed in Lieu of Foreclosure | Pending N/A | Not Pending ✓ |
| Relocation Assistance | Pending N/A | Not Pending ✓ |

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of July, 2023.

By: _____
Name: **Kendall Proeun**
Title: **Document Control Officer**
Select Portfolio Servicing, Inc.
Date: July 6th, 2023

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

2763 Camino Del Rio South, Suite 100
San Diego CA 92108

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 7/11/2023  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

UNITED STATES TRUSTEE
ustpregion16.la.ecf@usdoj.gov

TRUSTEE
Nancy K Curry (TR)
trustee13la@aol.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 7/11/2023  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

DEBTOR - Jeffrey Marc Siskind, 3465 Santa Barbara Dr, Wellington, FL 33414

JUDGE'S COPY - The Honorable Judge, Vincent P. Zurzolo, 255 E. Temple Street, Suite 1360, Los Angeles, CA 90012

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/11/2023 | Hue Banh | /s/ Hue Banh |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                       Page 18                                       F 4001-1.RFS.RP.MOTION

**ADDITIONAL SERVICE INFORMATION**

**SPECIAL NOTICE**
Ally Bank Department
Attn: AIS Portfolio Services, LP
4515 N Santa Fe Ave.
Dept. APS
Oklahoma City, OK 73118

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017    Page 19    F 4001-1.RFS.RP.MOTION