| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Jeffrey Marc Siskind<br>3465 Santa Barbara Drive<br>Wellington, FL  33414<br><br>☐ Attorney for: | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION** ☒ ||
| In re:<br>Jeffrey Marc Siskind,<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 23-11720-VZ<br>CHAPTER: 13  ☒ |
| | **NOTICE OF OBJECTION TO CLAIM** |
| | DATE: 09/18/2023<br>TIME: 11:30 am<br>COURTROOM: 1368<br>PLACE: 255 E Temple Street<br>            Los Angeles, CA 90012 |

1. TO *(specify claimant and claimant's counsel, if any)*: <u>Robert Gibson</u>

2. NOTICE IS HEREBY GIVEN that the undersigned has filed an objection to your Proof of Claim (Claim #<u>8          </u>) filed in the above referenced case. The Objection to Claim seeks to alter your rights by disallowing, reducing or modifying the claim based upon the grounds set forth in the objection, a copy of which is attached hereto and served herewith.

3. **Deadline for Opposition Papers**: You must file and serve a response to the Objection to Claim not later than 14 days prior to the hearing date set forth above.

   **IF YOU FAIL TO TIMELY RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Date: <u>08/07/2023</u>

<u>Jeffrey M. Siskind, Pro Se</u>
Printed name of law firm

_____
Signature

Date Notice Mailed: <u>08/07/2023</u>

_____
Printed name of attorney for objector

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 1                         F 3007-1.1.NOTICE.OBJ.CLAIM

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

IN RE:  CASE NO. 2:23-BK-11720-VZ

JEFFREY MARC SISKIND,  CHAPTER 13

    Debtor.

_____/

## OBJECTION TO PROOF OF CLAIM NO. 8

COMES NOW the Debtor, Jeffrey Marc Siskind, Pro Se, and files this Objection to Proof of Claim No. 8, and states:

1. Debtor filed its Chapter 13 petition on March 23, 2023.

2. The deadline for filing non-governmental Proof of Claim ("POC") was June 1, 2023.

3. On June 1, 2023, Robert Gibson a/k/a Robert Allen Gibson ("Claimant") filed three (3) POCs, one of which was Claim No. 8 which alleges that Claimant was assigned 50% of a judgment in the amount of $25,000 against Debtor and Patriot Residential Properties, Inc.

4. Debtor objects to the POC that was filed by Claimant was submitted on Official Form 410.

5. In Part 1, Section 2 of the POC, Claimant alleged that he acquired the claim from a law firm named "Law Firm of Brown & Associates, P.A. ("LFBA"), the original holder of a judgment in the amount of $25,000. However, the judgment that Claimant alleges was assigned in part to him was rendered in favor of "Brown & Associates, P.A." ("B&A").

6. Although LFBA and B&A both existed at the time that judgment was rendered, they are totally separate and distinct entities; LFBA is registered among the official records of the Florida Department of State, while B&A was the registered fictitious name for Rohan Brown,

P.A. ("RB"). LFBA is a law firm that is located in Palm Beach County while RB is an accounting firm located in Broward County, Florida.

6. In Part 2, Section 7 of the POC, claimant alleges that he is entitled to recover all of the $25,000.00 stated in the attached judgment to which he was the assignee of only 50%.

7. In Part 2, Section 9 of the POC, Claimant alleged that its claim is unsecured.

8. The Proof of Claim was signed by the Claimant under penalty of perjury in Part 3.

9. Debtor submits that the foregoing POC is facially deficient because the assignment was issued by an entity that is not the legal judgment creditor, and because it alleges that Claimant is entitled to 100% of a judgment to which he was only assigned a 50% interest.

10. Claimant has litigated the entire claim for which he was assigned only a partial interest pro se in reliance on an assignment that is substantially similar to an assignment which the Honorable Renatha S. Francis determined constituted practicing law without a license in Florida, which determination was made while Judge Francis was on the Palm Beach County Circuit Court bench before she was elevated to the Florida Supreme Court. See "Exhibit A."

11. Because POC No. 8 merely alleges that the Claimant is the lawful assignee of a judgment and fails to provide adequate supporting information required under FRBP 3001(c), Debtor seeks an order precluding Claimant from presenting any omitted information in any contested matter or adversary proceeding and also seeks its reasonable expenses and any applicable attorneys' fees pursuant to FRBP 3001(c)(2)(D).

12. Said applicable attorneys' fees would be the amount of reasonable hourly fees times the number of hours spent by an attorney hired by Debtor to prosecute this Objection.

WHEREFORE, Debtor objects to POC No. 8 filed by Robert Gibson and requests that it be stricken, and that the Court impose reasonable damages against Claimant.

*/s/ Jeffrey M. Siskind*
Jeffrey M. Siskind, Pro Se
3465 Santa Barbara Drive
Wellington, FL  33414

TELEPHONE (561) 791-9565  FACSIMILE  (561) 791-9581
Emails:  jeffsiskind@msn.com & jeffsiskind@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above Objection to Proof of Claim No. 8 was served upon Claimant and all appropriate creditors as shown on the attached Proof of Service of Document.

*/s/ Jeffrey M. Siskind*
Jeffrey M. Siskind, Pro Se

# EXHIBIT A

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE:

Case No: 502018CP001919XXXXMB

Estate of John Snow

_____/

**AMENDED ORDER ON ESTATE'S AMENDED MOTION TO STRIKE
ROBERT GIBSON'S CLAIMS OR REQUIRE POSTING OF
ADEQUATE SECURITY AND TO TAKE JUDICIAL NOTICE**

THIS CAUSE came before the Court at an evidentiary hearing on the Estate's Amended Motion to Strike Robert Gibson's Claims or Require Posting of Adequate Security and to Take Judicial Notice on January 22, 2021, and the Court having heard argument of the parties, reviewed the record in this case and related matters, and being otherwise fully advised upon the premises, does hereby be it

ORDERED AND ADJUDICATED, that as to the Estate's Motion to Strike Mr. Gibson's substantive claims;

Mr. Gibson admitted that he filed motions in this case on the basis of being assigned claims by Joseph P. Karam, a former commercial tenant of the decedent, John Snow, and that the claims were related to claims brought by Mr. Karam in Palm Beach County case no. 2018-CA-006030. The Estate attached a copy of Mr. Karam's complaint as Exhibit A" to its motion.

Mr. Gibson also admitted that he initially met Mr. Karam when he worked for the estate's counsel and eventually offered to participate in Mr. Karam's cause of action in accordance with the terms of the Acknowledgment of Assignment of Claim ("Assignment") which Mr. Gibson admitted that he drafted for Mr. Karam's signature.

Mr. Gibson admitted that he has used documents similar to the Assignment to acquire causes of action from others, and that the Assignment is the basis for his standing in this case.

Mr. Gibson admitted that he knew that Mr. Karam was involved in eviction litigation with the Estate, the purpose of which was to evict Mr. Karam from a commercial building owned by the Decedent, when he drafted the Assignment and obtained Mr. Karam's signature.

Mr. Gibson admitted that he was aware that Mr. Karam had filed suit against the Estate for unlawful eviction, but stated that Mr. Karam's case was "thrown out" because the case had already been assigned to Mr. Gibson. Contrary to Mr. Gibson's statements, however, Estate counsel attached as "Exhibit C" an order by the Honorable James Nutt which dismissed Mr. Karam's claims against the Estate with prejudice.

The Court has compared Mr. Karam's claims in the case which he brought to conclusion against the Estate and finds that they are sufficiently similar to those upon which Mr. Gibson rests and concludes that the claims advanced by Mr. Gibson in this case are barred by collateral estoppel.

Mr. Gibson testified that he has a counterclaim for wrongful eviction which is now noticed for trial. However, the only case involving Mr. Gibson is Palm Beach County case no. 2018-CC-001229, within which Mr. Gibson filed counterclaims against the Estate for unjust enrichment and wrongful eviction on June 8, 2018 at Docket Entry 23. It should be also noted that Palm Beach County case no. 2018-CC-007227 wherein Mr. Karam was represented by counsel who raised affirmative defenses of unjust enrichment and wrongful eviction "as asserted more fully in the Counterclaim of Robert Gibson in Case No. 2018CC001229XXXXMB" was consolidated with case no. 2018-CC-001229.

Mr. Gibson testified that he had appealed this case but court records indicate that he likely confused another case involving Mr. Karam (Palm Beach County case no. 2017-CA-003383, styled Joseph P. Karam v. Lorie Fischer) for which Mr. Gibson obtained an assignment of Mr. Karam's claims. After Mr. Gibson appealed an adverse order in this case

to the Fourth District Court of Appeals (case no. 4D18-1253), the 4th DCA affirmed the lower court decision and issued a mandate on April 5, 2019. A troubling aspect of that case which should be noted is that, although the Honorable Donald W. Hafele recognized that Mr. Karam assigned his interest to Mr. Gibson, Mr. Karam kept filing papers which indicates that Mr. Karam did not fully understand the meaning of the Assignment which he executed. See Judge Hafele's order at Docket Entry 99.

AND FURTHER, as to the Estate's vexatious litigant claim;

Mr. Gibson claims that he was not adjudicated a vexatious litigant pursuant to Section 68.093, Florida Statutes, despite the Honorable James Martz's July 9, 2019 order in Palm Beach case no. 2018-CA-006574 stating otherwise. Mr. Gibson further claimed that Judge Kastranakes who replaced Judge Martz in response to Mr. Gibson's successful motion for recusal stated that the order was not final and cannot be relied upon (See Judge Kastrenakes' order attached as "Exhibit C" to Docket Entry 29 in this case). The Court notes that this order was issued in yet another case (Palm Beach County case no. 2018-CA-012099) in which Mr. Gibson, a non-attorney, was assigned a cause of action and that neither the Estate or the Estate's counsel was a party to that action.

Mr. Gibson timely filed a Verified Motion to Reconsider Order Granting Defendant's Motion to Determine that Robert Gibson is a Vexatious Litigator and Require Furnishing of Appropriate Security" within which Mr. Gibson states as a reason for his failure to appear some confusion brought on by his adversary's hearing scheduling changes. However, the record shows that the July 9, 2019 hearing was set <u>by the Court</u> in a Notice of Hearing which was docketed on May 28, 2019 (See Docket Entry 120).

Moreover, the Motion which was heard on July 9, 2019 (filed May 26, 2019 at Docket Entry 121) attached a list of cases which Mr. Gibson filed pro se and lost in the preceding five years. Two of the unsuccessful circuit court cases are cases in which Mr.

Gibson was assigned rights to litigate by and on behalf of the owners of the causes of action. In the third unsuccessful case, Mr. Gibson initiated a cross-claim against the codefendants. All three of the listed unsuccessful appeals were initiated by Mr. Gibson. The list does not include Mr. Gibson's unsuccessful malpractice action within which this motion practice occurred because Mr. Gibson has appealed the unfavorable result.

The Court addressed Mr. Gibson's reconsideration motion at a hearing on August 15, 2019 by allowing fourteen (14) days for the parties to provide memoranda of law to address whether or not unsuccessful pro se <u>appeals</u> could be counted toward the five-in-five case threshold which triggers Florida's vexatious litigant statute, during which time Mr. Gibson's adversary (who is counsel for the Estate in this case) provided the Court with an additional unsuccessful pro se case and three (3) cases *to be watched* which are relevant because Mr. Gibson took assignments of the original litigants' interests (See Docket Entries 153, 154) while testifying in this case that there were not many instances of his acquiring cases by taking assignments. Also worth noting are two yet additional cases provided to the Court in Docket Entry 157.

Opposing counsel timely filed its supportive Memoranda of Law on August 29, 2019 at Docket Entry 155. Mr. Gibson did not timely file a Memorandum of Law and instead filed an objection which falsely claimed that opposing counsel had failed to abide by the Court's order and stated that he conducted "key word search[es]" for Florida cases which mentioned "vexatious" or "68.093" and identified 59 cases, but could not find an opinion to support his position that appeals cannot be counted toward meeting the five-in-five vexatious litigant threshold. Mr. Gibson also requested two (2) additional days to provide the Court with a bookmarked appendix. Despite the passage of almost seventeen (17) months, Mr. Gibson has not yet filed anything and instead claims that the Court's August 15, 2019 order combined with his own inaction means that the matter as to whether he is a

vexatious litigant remains unresolved and is not a final order.

On April 3, 2020, after more than a year had passed since summary judgment against Mr. Gibson was granted, the opposing counsel filed a Motion to Deny Reconsideration and Partially Close Case at Docket Entry 196. On the morning of April 8, 2020, the date set for a hearing on opposing counsel's motion to deny reconsideration, Mr. Gibson filed emergency motions to recuse Judge Martz and stay the case. Judge Martz granted the recusal motion on April 13, 2020, leaving the vexatious litigant order in place.

The malpractice case discussed above is not counted toward the five-in-five vexatious litigant threshold because the summary judgment entered against him was appealed by Mr. Gibson on June 14, 2020, who has moved for several extensions of time and has not yet filed his initial brief. See Fourth District Court of Appeal case no. 4D20-1389, a case recently consolidated with opposing counsel's appeal of the lower court's denial of Section 57.105, Florida Statutes sanctions; case no. 4D20-1876.

Opposing counsel filed a motion to strike Mr. Gibson's motion for reconsideration of the vexatious litigant order in order to resolve the issue of finality in lieu of Mr. Gibson's demonstrated inaction. Until such time as that motion is resolved, the Court will reserve on this aspect of relief requested pending said resolution.

The Court takes judicial notice of the matters expressed by the parties and documents filed, including Court orders, in related cases.

The Court further finds that the Assignments routinely used by Mr. Gibson amount to a means to evade the statutory prohibition against practicing law without a license, a felony, and are therefore illegal and unenforceable.

The Court finds that matters which Mr. Gibson seeks a remedy in this case are barred by collateral estoppel, since these same matters were already adjudicated in at least one other case of which Mr. Gibson was aware.

DONE AND ORDERED this March 3, 2021.

_____
Circuit Court Judge

Copies to:
Jeffrey M. Siskind, Esq. via email; jeffsiskind@msn.com
Robert Gibson, pro se via email; intelexigent@gmail.com

NOT A CERTIFIED COPY

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
17927 77th Lane, Loxahatchee, FL 33470

A true and correct copy of the foregoing document entitled: **NOTICE OF OBJECTION TO CLAIM** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 08/07/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

United States Trustee (LA); ustpregion16.la.ecf@usdoj.gov
JaVonne M Phillips, McCarthy & Holthus, LLP; bknotice@mccarthyholthus.com
Arvind Nath Rawal; arawal@aisinfo.com
Nancy K Curry (TR); trustee13la@aol.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) 08/07/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
255 East Temple Street, Suite 1360
Los Angeles, CA 90012

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 08/07/2023 | Josef Schneider | /s/ signature |
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 2                          F 3007-1.1.NOTICE.OBJ.CLAIM

## ATTACHMENT TO PROOF OF SERVICE OF DOCUMENT

Additional Party Served by U.S. Mail

Robert Gibson
2385 NW Executive Center Drive, Ste. 100
Boca Raton, FL  33431-8510