Case 2:23-bk-11720-WB Claim 6-2 Filed 09/01/23 Desc Main Document Page 1 of 3
Case 2:23-bk-11720-WB Claim 6-1 Filed 09/01/23 Desc
Exhibit Filed Amended POC with Media    Page 1 of 15

**Fill in this information to identify the case:**

Debtor 1  Jeffrey Siskind
Debtor 2
(Spouse, if filing)
United States Bankruptcy Court   **Central District of California**
Case number: **23–11720**

FILED
**U.S. Bankruptcy Court**
**Central District of California**
9/1/2023
**Kathleen J. Campbell, Clerk**

## Official Form 410
## Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

### Part 1: Identify the Claim

**1. Who is the current creditor?**
Alliant Capital Management HDH
Name of the current creditor (the person or entity to be paid for this claim)
Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**
☐ No
☑ Yes. From whom?  Huntington Debt Holdings

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Alliant Capital Management HDH
Name
c/o Weinstein & Riley, PS
2001 Western Avenue, Suite 400
Seattle, WA 98121

Contact phone  8773323543
Contact email  bncmail@w-legal.com

Where should payments to the creditor be sent? (if different)
Alliant Capital Management – HDH
Name
C O WEINSTEIN & RILEY, PS
P.O. BOX 3978
Seattle, WA 98124–3978

Contact phone  8773323543
Contact email  bncmail@w-legal.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**4. Does this claim amend one already filed?**
☐ No
☑ Yes. Claim number on court claims registry (if known) 7   Filed on 06/01/2023
                                                                MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing?

Official Form 410                         Proof of Claim                         page 1

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed    Page 2 of 15

| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 0774 |
|---|---|
| 7. **How much is the claim?** | $ 2361.61    **Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Money Loaned |
| 9. **Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ _____<br>**Amount of the claim that is secured:** $ _____<br>**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $ _____<br><br>**Annual Interest Rate** (when case was filed) _____ %<br>☐ Fixed<br>☐ Variable |
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

Official Form 410                           Proof of Claim                              page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply*: | **Amount entitled to priority** |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $3,350 * of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $15,150 *) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

### Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  9/1/2023
MM / DD / YYYY

/s/  Jordan Morrison
Signature

Print the name of the person who is completing and signing this claim:

Name: Jordan Morrison
First name    Middle name    Last name

Title: Representative for Creditor

Company: Weinstein & Riley, P.S.
Identify the corporate servicer as the company if the authorized agent is a servicer

Address: 2001 Western Ave., Suite #400
Number  Street
Seattle, WA 98121
City  State  ZIP Code

Contact phone: 8773323543    Email: bncmail@w-legal.com

# LOAN APPLICATION

| Current Personal Information | | Current Income / Work and Bank Information | |
|---|---|---|---|
| LAST NAME | SISKIND | EMPLOYER | [redacted] |
| FIRST NAME | JEFFREY | WORK PHONE NUMBER | |
| SOCIAL SECURITY NUMBER | [redacted]3282 | EXTENSION NUMBER | |
| DRIVERS LICENSE (STATE) / ID NO. | [redacted] | WORK ADDRESS | |
| STATE OF LICENSE / ID | FL | CITY | |
| LICENSE / ID EXPIRATION | [redacted] | STATE | |
| DATE OF BIRTH | [redacted] | ZIP | |
| ADDRESS | 3465 SANTA BARBARA DR | HIRE DATE (MONTH/DATE/YEAR) | |
| P.O. BOX | N/A | PAYCHECK DIRECT DEPOSITED INTO YOUR CHECKING ACCOUNT? Y/N | [X] YES [ ] NO |
| CITY | WELLINGTON | HOW OFTEN DO YOU GET PAID? | [X] MONTHLY  [ ] EVERY 2 WEEKS [ ] TWICE / MONTH  [ ] WEEKLY |
| STATE | FL | HOW MUCH IS YOUR GROSS INCOME EACH PAY PERIOD?* | [redacted] |
| ZIP CODE | 33414 | NEXT PAY DATE | |
| HOW LONG HAVE YOU LIVED THERE? | 10 YEARS  9 MONTHS | SECOND PAY DATE | |
| OWN / RENT / OTHER | [ ] OWN  [ ] RENT [ ] OTHER | OTHER INCOME (IF APPLICABLE) | |
| HOME PHONE NUMBER** | [redacted] | BANK NAME / ABA NUMBER | [redacted] |
| NAME OF PERSON PHONE LISTED UNDER | N/A | CHECKING ACCOUNT NUMBER | xxxxxx1406 |
| EMAIL ADDRESS | [redacted] | REMINDER CALL INSTRUCTIONS PLEASE CALL ME AT THE FOLLOWING: | [ ] HOME [ ] WORK [ ] CELL [X] DO NOT CALL |
| CELL PHONE / PAGER NUMBER** | [redacted] | | |

*Other source of income received periodically. Alimony, child support, or separate maintenance income need not be revealed if you do not wish to have it considered as a source for repaying this obligation.

** I expressly authorize Lender to place calls and send text messages to any telephone number I provide on this Application or at some later date using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice ("APV") in connection with the loan or with the collection of any amounts due from me.

[_____] By initialing this box, I agree to receive telemarketing calls and text messages from Lender using an ATDS or an APV at any telephone numbers I have provided on this Application; I understand that I am not required to provide my consent to receive telemarketing calls or text messages as a condition of obtaining a loan. Standard message and data rates may apply.

I submit to Dollar Financial Group, Inc. and its affiliates d/b/a The Check Cashing Store ("Lender") this application for the purpose of inducing Lender to extend or maintain credit to me. I certify that this application presents a true, complete and correct statement of the matters shown as of the date of my application and does not omit any pertinent information. I understand that misrepresenting information on this application may be a criminal offense. I will notify Lender promptly in writing of any material unfavorable change in this information. In the absence of such notice, Lender may consider this a continuing application and substantially correct. If I apply for further credit, this application shall have the same force and effect as if delivered as an original application at the time I request such further credit. Lender is authorized to contact credit reporting agencies and other sources for the purpose of verifying any information stated herein or at any time furnished by me to Lender. I authorize Lender to utilize and retain any information about me in Lender's records previously provided by me for use by any other lender. I understand that this application and any other information furnished to Lender shall be the Lender's property. Lender is authorized to answer any questions about Lender's experience with me.

Each of the parties voluntarily agrees to have all claims or controversies that arise from or relate in any way to our past, present or future business with each other, and with its or his respective affiliates, agents or employees, including the validity of any related agreements and the scope of this arbitration clause, resolved by BINDING ARBITRATION by a single arbitrator in accordance with the Consumer Rules of the American Arbitration Association. This arbitration agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the Federal Arbitration Act, 9 U.S.C §§ 1-16. The parties understand that they have a right or opportunity to litigate disputes through a court, but that they prefer to resolve their disputes through arbitration. IF ARBITRATION IS CHOSEN, I WILL NOT HAVE THE RIGHT TO GO TO COURT, TO HAVE A JURY TRIAL, TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMANTS, OR TO HAVE MY CLAIMS CONSOLIDATED OR JOINED WITH THOSE OF ANY OTHER CLAIMANT. I WILL HAVE VERY LIMITED RIGHTS TO PRETRIAL DISCOVERY AND APPEAL. I understand that Lender will only consider my application if I agree to the terms of this paragraph.

FL1017

LOAN APPLICATION (page 2)

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning this creditor is the Federal Trade Commission, 600 Pennsylvania Ave, NW, Washington, DC 20580.

Privacy Notice. We collect your personal information, for example, when you: apply for a loan, give us your income or contact information, provide employment information, or make a wire transfer. We also collect your personal information from others, such as credit bureaus, affiliates, or other companies. The types of personal information we collect and share depend on the product or service you have with us. This information can include: name, address, Social Security number and income; account balances and transaction history; and wire transfer instructions. When you are no longer our customer, we continue to share your information as described in this notice. We share our customers' personal information: *for our everyday business purposes* - such as to process your transactions, maintain your account(s), respond to court orders and legal investigations, or report to credit bureaus; *for our marketing purposes*—to offer our products and services to you; *for joint marketing with other financial companies*; and *for our affiliates' everyday business purposes* - information about your transactions and experiences. You may not limit this sharing. We do not share our customers' personal information: *for our affiliates' everyday business purposes*—information about your creditworthiness; *for our affiliates to market to you*; or *for nonaffiliates to market to you*. Affiliates are companies related by common ownership or control. They can be financial and nonfinancial companies. Our affiliates include companies that are owned by a common parent company Dollar Financial U.S., Inc. and include companies operating under the trading names of Money Mart, The Check Cashing Store, American Payday Loans, American Check Casher, Check Casher, and Payday Loans. To protect your personal information from unauthorized access and use, we use security measures that comply with federal law. These measures include computer safeguards and secured files and buildings. A copy of the most recent version of our privacy notice is available at https://www.thecheckcashingstore.com/privacy-policy. For questions about this privacy notice you can call (800) 361-1407.

Lender's address for notice purposes under this Application:
74 East Swedesford Road, Suite 150
Malvern, PA 19355.

**Covered Borrower Identification Statement**

Federal law provides important protections to active duty members of the Armed Forces and their dependents. To ensure that these protections are provided to eligible applicants, we require you to select one of the following statements as applicable by checking the appropriate box:

| | |
|---|---|
| [X] | I AM NOT a regular or reserve member of the Army, Navy, Marine Corps, Air Force, or Coast Guard, serving on active duty under a call or order that does not specify a period of 30 days or fewer (or a dependent of such a member). |
| [ ] | I AM a regular or reserve member of the Army, Navy, Marine Corps, Air Force, or Coast Guard, serving on active duty under a call or order that does not specify a period of 30 days or fewer. |
| [ ] | I AM a dependent of a member of the Armed Forces on active duty as described above, because I am the member's spouse, the member's child under the age of eighteen years old, or I am an individual for whom the member provided more than one-half of my financial support for 180 days immediately preceding today's date. |

Signature of Applicant: X _[signature]_

NOTICE: WE ARE REQUIRED BY LAW TO ADOPT PROCEDURES TO REQUEST AND RETAIN IN OUR RECORDS INFORMATION NECESSARY TO VERIFY YOUR IDENTITY.

By signing below and submitting this application for a short-term consumer loan, you are verifying that all information contained in this application is accurate.

| 07/21/2019 | X _[signature]_ | X _[initials]_ |
|---|---|---|
| Date | Signature of Applicant | CSR Initials |

FI 1017

**Check Mart of Florida, Inc. d/b/a The Check Cashing Store**
10133 SOUTHERN BLVD, ROYAL PALM BEACH, FL.33411 (561) 753-7350
File No ▮▮▮▮

## DEFERRED PRESENTMENT AGREEMENT

This Deferred Presentment Agreement ("Agreement") is between the borrower identified below and Check Mart of Florida, Inc. d/b/a The Check Cashing Store ("Lender"). In the Agreement, the words "I," "me" and "my" mean the customer identified below. **The Agreement contains an Arbitration Agreement which is attached and incorporated in this Agreement by reference.**

### BORROWER INFORMATION

Borrower: JEFFREY SISKIND
3465 SANTA BARBARA DR
WELLINGTON, FL.33414
Date of Birth: ▮▮▮▮
Social Security ▮▮▮▮ 8282
D.L. ▮▮▮▮

### TRANSACTION INFORMATION

Today's Date: 07/21/2019     Verification Fee: $3.99     State Transaction Fee: $1.00

Friday, September 27, 2019 at close of business

Dept. of Banking and Finance Transaction Number:

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of my credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost me. | Amount Financed The amount of credit provided to me or on my behalf. | Total Of Payments The amount I will have paid after I have made all payments as scheduled. |
|---|---|---|---|
| 210.09% | $314.11 | $1,000.00 | $1,314.11 |

PAYMENT SCHEDULE. My payment schedule will be

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| 1 | $657.06 | 08/27/2019 |
| 1 | $657.05 | 09/27/2019 |

**PREPAYMENT:** If I pay in full early, I will not have to pay a penalty, but will not be entitled to a refund of any part of the Finance Charge.
**SECURITY:** This loan is secured only by the security interest, if any, of Lender in the check being held by Lender.
**ADDITIONAL TERMS:** See the terms below and in the Agreement for additional information about nonpayment, default, prepayment refunds and penalties.

Itemization of the amount financed: Amount paid to me directly: $1,000.00

1. Lender is authorized and agrees to defer negotiation, deposit and presentment for payment on the dates set forth in the attached Detailed Payment Schedule (as summarized in the Payment Schedule above), including as later modified by any applicable agreement of Lender and me. If I fail to pay the amount due on or before the due date in cash, Lender or anyone acting on its behalf (DFG) may initiate an automated clearinghouse ("ACH") debit to my bank account for the Total of Payments, which I direct my bank to pay. I understand and agree that this right does not constitute a security interest. I may terminate this ACH authorization by notifying Lender in writing in a manner which affords Lender and my financial institution a reasonable opportunity to act on it prior to the next payment date of my loan. I agree that, unless later modified at my request, this ACH authorization is for repayment of a short term loan and shall recur at substantially regular intervals. If a debit to my account is dishonored, Lender reserves the right to re-present the check electronically up to two times following the return of the original item, through conventional deposit channels or over the counter as repayment of the dishonored item, at Lender's convenience, which I direct my bank to pay. I further authorize Lender to make a one-time electronic fund transfer from my account to collect the dishonored payment fee referred to below. If I fail to pay the amount due on or before the due date in ACH, Lender reserves the right to re-present the check electronically up to two times following the return of the original item, through conventional deposit channels or over the counter as repayment of the dishonored item, at Lender's convenience, which I direct my bank to pay. I further authorize Lender to make a one-time electronic fund transfer from my account to collect the dishonored payment fee referred to below.

Customer Initials

Page 1

FL.0719

2. I will be in default if my payment is returned due to a lack of funds in my account, a closed account or a stop-payment order. In the event of such default, Lender may seek collection pursuant to Section 68.065, Florida Statutes, except that Lender may not collect treble damages. Lender will impose a service charge of $25, if the face value of the payment does not exceed $50; $30, if the face value of the payment is more than $50 but does not exceed $300; $40, if the face value of the payment is more than $300; or 5% of the face value of the payment, whichever is greater, on each of my checks returned to Lender. I also authorize Lender to satisfy any debts I owe to Lender out of my funds in Lender's possession at any time and without notice.

3. Unless I cancel the loan, interest will begin to accrue on 07/21/2019 (the "Interest Start Date") and shall continue to accrue on the outstanding principal balance until the outstanding principal balance is repaid in full, whether before or after maturity. The interest rate will be 210.09% per annum. After maturity or acceleration, any unpaid principal shall continue to accrue interest until repaid in full at 210.09% per annum OR at the maximum rate allowed by law, whichever is less. I will pay interest at the applicable percentage rate, applied on the basis of the number of days actually elapsed. Interest will not be compounded and will be calculated on a daily basis by multiplying the applicable daily rate times the unpaid principal balance. The daily rate is determined by dividing the applicable interest rate by 365.

4. Upon entering into this agreement, Lender will be deemed to have earned a non-refundable state transaction fee of $1.00 and verification fee of $3.99, which I agree to pay to Lender without interest. I understand that this fee will be spread equally across my scheduled payments and will not accrue interest.

5. I can make my payments in cash at Lender's address of 10133 SOUTHERN BLVD ROYAL PALM BEACH, FL 33411; or by preauthorized electronic fund transfer. All payments with regards to this Loan Agreement will be applied first towards accrued interest, second to the outstanding principal balance, third to outstanding verification fee, and fourth to any incurred charges (e.g., dishonored payment charge) provided for herein (unless specifically directed by me to pay incurred charges first).

6. I understand interest will accrue on the outstanding principal balance for each day the Lender is owed any principal starting on the Interest Start Date, if Lender does not receive each required installment payment exactly on their scheduled due dates, the final payment amount may be more or less than the amount of the final payment shown in the Payment Schedule above and in the attached Detailed Payment Schedule. My actual interest charges may be more than the disclosed Finance Charge above if I make payments after their scheduled due dates or in less than the scheduled amount. My actual interest charges may be less than the disclosed Finance Charge if I make payments early or in more than the scheduled amount. Changes may take the form of a larger or smaller final payment. In addition, the final payment will include any unpaid incurred charges (e.g., dishonored payment charge). At Lender's option, instead of requiring me to pay a final payment in an amount larger than the scheduled final payment amount, Lender may agree to allow me to repay the amounts I owe as of the scheduled final payment due date (including principal, unpaid verification fee, unpaid incurred charges, and accrued interest) by making additional installment payments of the same amount as my scheduled final payment, due at the same intervals and subject to the same terms and conditions as my regular scheduled installment payments, until all amounts I owe under this Loan Agreement (including all accrued interest, verification fee and incurred charges) have been paid in full.

7. I have the right to make payments at any time and in any amount before they are due without prepayment penalty or charge. Provided I am not in default, all payments received by Lender that are for the full amount of the next scheduled installment(s) will be credited to the next scheduled installment(s) of my Loan unless at the time of the payment I tell Lender in writing to treat such payment as a "prepayment" only, in which case any such prepayment will not be credited to my scheduled installment payments under this Loan Agreement.

8. The address of the Florida Office of Financial Regulation is 200 East Gaines Street, Tallahassee, Florida 32399-0373. Its telephone number is (850) 487-9687.

9. I authorize Lender to verify all information on my application and to obtain a credit report on me. I have signed my application on the date indicated on page 1 of this Agreement and acknowledge and represent that all information contained therein is true and correct to the best of my knowledge.

10. If any payment referenced in this agreement is returned for any reason, I hereby authorize Lender to withhold any outstanding balance due, including but not limited to the payment amount and return fees permitted by law, from future transactions with Lender.

FL 0719

11. I expressly authorize Lender to monitor and record all telephone calls with me for quality assurance and for other purposes authorized by this Loan Agreement and allowed by law. I expressly authorize Lender to place account-related calls and SMS/CMS ("text") messages to any mobile phone number I provide using an automatic telephone dialing system or an artificial or prerecorded voice message. Lender's messaging service will not charge me to receive or reply to text messages that I receive from Lender. However, I understand that my mobile carrier may charge their standard text message rates. I may revoke this authorization by notifying Lender by any reasonable method including by phone at 1-866-883-5626 and in writing by U.S. mail to Check Mart of Florida, Inc., Attention: General Counsel, 74 East Swedesford Road, Suite 150, Malvern, PA 19355. My mobile number(s) will not be shared or used for any other purposes unless specifically authorized.

12. **CUSTOMER NOTICE**: Payday advances are not recommended as long-term financial solutions.

13. **I acknowledge and agree that I have received a complete copy of this Agreement and have received the Amount Financed set forth on page 1 of this Agreement.** I attest that I was not required to purchase any other goods or services to qualify for this loan, nor are the loan proceeds for the purpose of purchasing any other goods or services from Lender. I warrant that I am not a debtor under any proceeding in bankruptcy and have no intention to file a petition for relief under the U.S. Bankruptcy Code. **I also acknowledge that I have read the Agreement, including the Arbitration Agreement, and have had the opportunity to consult with my counsel or legal adviser about the meaning of the Agreement and my duties and obligations hereunder.**

Check Mart of Florida, Inc. D/B/A The Check Cashing Store          BORROWER

By: /s/ Kristin Madsen                                     X _____   07/21/2019
    President                                                       JEFFREY SISKIND              Date

Page 3

FL 0719

ARBITRATION.

1. **Parties and matters subject to arbitration.** The words "dispute" and "disputes" are given the broadest possible meaning and include, without limitation (a) except as set forth below, all claims, disputes, or controversies arising from or relating directly or indirectly to the signing of this arbitration provision, the validity and scope of this arbitration provision and any claim or attempt to set aside this Arbitration Provision; (b) all federal or state law claims, disputes or controversies, arising from or relating directly or indirectly to my transactions with Lender or any injury to either party as a result of such transactions or my presence on Lender's business premises, including any prior transactions between me and Lender; (c) all counterclaims, cross-claims and third-party claims; (d) all common-law claims based upon contract, fraud, or other torts; (e) all claims based upon a violation of any state or federal constitution, statute or regulation; (f) all claims asserted by Lender against me, including claims for money damages or to collect any sum Lender claims I owe; (g) all claims asserted by me individually against Lender and/or any of Lender's employees, agents, officers, members, governors, directors, managers, shareholders or affiliated entities (hereinafter collectively referred to as "related third parties"), including claims for money damages and/or equitable or injunctive relief; (h) all claims asserted on my behalf by another person; (i) all claims asserted by me as a private attorney general, as a representative and/or member of a class of persons, and/or in any other representative capacity, against Lender and/or related third parties ("Representative Claims"); and/or (j) all claims arising from or relating directly or indirectly to the disclosure by Lender or related third parties of any non-public personal information about me.

2. **Waiver of jury trial and participation in class action.** I acknowledge and agree that by entering into this arbitration provision: (a) I AM GIVING UP MY RIGHT TO HAVE A TRIAL BY JURY TO RESOLVE ANY DISPUTE ALLEGED AGAINST LENDER OR RELATED THIRD PARTIES; and (b) I AM GIVING UP MY RIGHT TO HAVE A COURT, OTHER THAN A SMALL CLAIMS TRIBUNAL, RESOLVE ANY DISPUTE ALLEGED AGAINST LENDER OR RELATED THIRD PARTIES; and (c) I AM GIVING UP MY RIGHT TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS, IN ANY LAWSUIT FILED AGAINST LENDER AND/OR RELATED THIRD PARTIES.

3. **No class arbitration.** Except as provided in Section 6 below, all disputes, including any Representative Claims, against Lender and/or related third parties shall be resolved by binding arbitration only on an individual basis with me. THEREFORE, THE ARBITRATOR SHALL NOT CONDUCT CLASS ARBITRATION; THAT IS, THE ARBITRATOR SHALL NOT ALLOW ME TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL OR IN ANY OTHER REPRESENTATIVE CAPACITY FOR OTHERS IN THE ARBITRATION. THE ARBITRATOR SHALL HAVE NO AUTHORITY TO: (a) CONDUCT ANY ARBITRATION WHICH IS PRECLUDED BY THE PRECEDING SENTENCE or (b) CONSOLIDATE THE CLAIMS OF MORE THAN ONE CLAIMANT WITHOUT THE CONSENT OF ALL PARTIES.

4. **Arbitration procedures.** Any dispute shall be resolved by arbitration in accordance with either the JAMS Streamlined Arbitration Rules & Procedures and JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses – Minimum Standards of Procedural Fairness (http://www.jamsadr.com, or 949-224-1810), or the Commercial Rules and Consumer Due Process Protocol of the American Arbitration Association (http://www.adr.org, or 212-716-5800), as elected by me (or, if I fail to designate an arbitration administrator within ten days following my receipt of a request to do so from Lender, then as elected by Lender), to the extent those rules, procedures and policy do not contradict the express terms of this arbitration provision, including the limitations on the arbitrator set forth in this arbitration provision. I may obtain a copy of the rules and procedures by contacting the arbitration organization listed above.

5. **Payment of arbitration and attorneys' fees.** Regardless of who demands arbitration, Lender will pay all expenses of arbitration, including the filing, administrative, hearing and arbitrator's fees ("Arbitration Fees"), to the extent that Arbitration Fees exceed the amounts I would be required to pay for filing a lawsuit in a court. The arbitration hearing will be conducted in the county of my residence, or within 30 miles from such county, or in the county in which my loan transaction occurred. Throughout the arbitration, each party shall bear his or her own attorneys' fees and expenses, such as witness and expert witness fees. The arbitrator shall apply applicable substantive law consistent with the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"); shall apply statutes of limitation; and shall honor claims of privilege recognized at law. The arbitrator may decide, with or without a hearing, any motion that is substantially similar to a motion to dismiss for failure to state a claim or a motion for summary judgment. If allowed by statute or applicable law, the arbitrator may award a party's reasonable attorneys' fees and expenses. At the timely request of any party, the arbitrator shall provide a written explanation for the award. The arbitrator's award may be filed with any court having jurisdiction.

6. **Bump-Up Provision.** If, after finding in my favor in any respect on the merits of my claim, the arbitrator issues me an award that is greater than the value of Lender's last written settlement offer made before an arbitrator was selected, then Lender will: (a) pay me the amount of the award or $10,000 ("the alternative payment"), whichever is greater; and (b) pay my attorney, if any, twice the amount of attorneys' fees, and reimburse any expenses (including expert witness fees and costs) that my attorney reasonably accrues for investigating, preparing and pursuing my claim in arbitration ("the attorney premium"). If Lender did not make a written offer to settle the dispute before an arbitrator was selected, my attorney and I will be entitled to receive both the alternative payment and the attorney premium if the arbitrator awards me any relief on the merits. The arbitrator may make rulings and resolve disputes as to the payment and reimbursement of fees, expenses, and the alternative payment and the attorney premium at any time during the proceeding and upon request from either party made within 14 days of the arbitrator's ruling on the merits. The right to attorneys' fees and expenses discussed in this paragraph supplements any right to attorneys' fees and expenses I may have under applicable law. Thus, if I would be entitled to a larger amount under the applicable law, this provision does not preclude the arbitrator from awarding me that amount. However, I may not recover duplicative awards of attorneys' fees or costs.

7. **Small claims tribunal.** All parties, including related third parties, shall retain the right to seek adjudication of individual claims only in a small claims tribunal for disputes within the scope of such tribunal's jurisdiction. Any dispute which cannot be adjudicated within the jurisdiction of a small claims tribunal shall be resolved by binding arbitration. Any appeal of a judgment from a small claims tribunal shall be resolved by binding arbitration de novo, by a fresh review of the facts.

FL 0719

ARBITRATION (continued).

8. <u>Severability</u>. Notwithstanding any other provision of this arbitration agreement, and notwithstanding any contrary rule of an arbitration organization, the validity, effect and enforceability of Section 3 of this arbitration agreement shall be determined solely by a court of competent jurisdiction and not by the arbitrator; any other dispute regarding arbitrability shall be resolved solely by the arbitrator. If a Representative Claim is asserted and the court refuses to enforce Section 3 of this Arbitration Agreement substantially as written with respect to such Representative Claim, then every portion of this Arbitration Agreement shall be null and void, and neither I nor Lender shall be required to arbitrate the Representative Claim.

9. <u>Governing law</u>. This Arbitration Provision is made pursuant to, and shall be governed by, the FAA because my transactions involve interstate commerce. To the extent that state law applies to the enforceability of this Arbitration Provision, then this Arbitration Provision shall be governed by the law of the State of Utah. I acknowledge that this loan has been processed and accepted by Lender, and will be collected, at Lender's processing center in Salt Lake City, Utah, and that the law of Utah bears a reasonable relationship to this transaction.

10. <u>Binding effect</u>. This arbitration agreement is binding upon and benefits me, my heirs, successors and assigns. This arbitration agreement is binding upon and benefits Lender, its successors and assigns, and related third parties. This arbitration agreement continues in full force and effect, even if my obligations have been paid or discharged through bankruptcy. This arbitration agreement survives any cancellation by prepayment, termination, amendment, expiration or performance of any transaction between Lender and me and continues in full force and effect unless Lender and I otherwise agree in writing. I understand that this arbitration agreement supersedes the arbitration provision included in my application. In addition, this arbitration agreement applies to any modification of this Agreement, including any extended payment plan or grace period agreement.

11. <u>My right to opt out</u>. I (but not Lender) have the sole and unfettered right to reject arbitration as a means of resolving disputes at any time within seven (7) days following my signature on this agreement. That is, if, after signing this arbitration agreement, I choose to not to be bound by it, then I can reject arbitration by giving notice of rejection of arbitration by certified mail, return receipt requested, to Check Mart of Florida, Inc., Attention: General Counsel, 74 East Swedesford Road, Suite 150, Malvern, PA 19355, postmarked within seven days following my signature hereon. No particular form of notice is required. I cannot reject arbitration after the seventh day following the date of my signature on this agreement.

FL.0719

NOTICE

1. STATE LAW PROHIBITS ME FROM HAVING MORE THAN ONE DEFERRED PRESENTMENT AGREEMENT AT ANY ONE TIME. STATE LAW ALSO PROHIBITS ME FROM ENTERING INTO A DEFERRED PRESENTMENT AGREEMENT WITHIN 24 HOURS AFTER TERMINATING ANY PREVIOUS DEFERRED PRESENTMENT AGREEMENT. FAILURE TO OBEY THIS LAW COULD CREATE SEVERE FINANCIAL HARDSHIP FOR ME AND MY FAMILY.

I MUST SIGN THE FOLLOWING STATEMENT:

I DO NOT HAVE AN OUTSTANDING DEFERRED PRESENTMENT AGREEMENT WITH ANY DEFERRED PRESENTMENT PROVIDER AT THIS TIME. I HAVE NOT TERMINATED A DEFERRED PRESENTMENT AGREEMENT WITHIN THE PAST 24 HOURS.

(Signature of Drawer) JEFFREY SISKIND

2. YOU CANNOT BE PROSECUTED IN CRIMINAL COURT FOR A CHECK WRITTEN UNDER THIS AGREEMENT, BUT ALL LEGALLY AVAILABLE CIVIL MEANS TO ENFORCE THE DEBT MAY BE PURSUED AGAINST YOU.

3. STATE LAW PROHIBITS A DEFERRED PRESENTMENT PROVIDER (THIS BUSINESS) FROM ALLOWING YOU TO "ROLL OVER" YOUR DEFERRED PRESENTMENT TRANSACTION. THIS MEANS THAT YOU CANNOT BE ASKED OR REQUIRED TO PAY AN ADDITIONAL FEE IN ORDER TO FURTHER DELAY THE DEPOSIT OR PRESENTMENT OF MY CHECK FOR PAYMENT.

4. FOR DEFERRED PRESENTMENT TRANSACTIONS NOT REPAYABLE IN INSTALLMENTS: IF YOU INFORM THE PROVIDER IN PERSON THAT YOU CANNOT COVER THE CHECK OR PAY IN FULL THE AMOUNT OWING AT THE END OF THE TERM OF THIS AGREEMENT, YOU WILL RECEIVE A GRACE PERIOD EXTENDING THE TERM OF THE AGREEMENT FOR AN ADDITIONAL 60 DAYS AFTER THE ORIGINAL TERMINATION DATE, WITHOUT ANY ADDITIONAL CHARGE. THE DEFERRED PRESENTMENT PROVIDER MUST REQUIRE THAT I, AS A CONDITION OF OBTAINING THE GRACE PERIOD, COMPLETE CONSUMER CREDIT COUNSELING PROVIDED BY AN AGENCY INCLUDED ON THE LIST THAT WILL BE PROVIDED TO YOU BY THIS PROVIDER. YOU MAY ALSO AGREE TO COMPLY WITH AND ADHERE TO A REPAYMENT PLAN APPROVED BY THAT AGENCY. IF I DO NOT COMPLY WITH AND ADHERE TO A REPAYMENT PLAN APPROVED BY THAT AGENCY, PROVIDER MAY DEPOSIT OR PRESENT MY CHECK FOR PAYMENT AND PURSUE ALL LEGALLY AVAILABLE CIVIL MEANS TO ENFORCE THE DEBT AT THE END OF THE 60-DAY GRACE PERIOD.

FL 0719

5. FOR DEFERRED PRESENTMENT INSTALLMENT TRANSACTIONS: IF YOU INFORM THE PROVIDER IN WRITING OR IN PERSON BY NOON [TIME ZONE] OF THE BUSINESS DAY BEFORE A SCHEDULED PAYMENT THAT YOU CANNOT PAY IN FULL THE SCHEDULED AMOUNT DUE AND OWING, YOU MAY DEFER THE SCHEDULED PAYMENT, WITHOUT ANY ADDITIONAL FEES OR CHARGES, AND THE PROVIDER MAY NOT DEFAULT THE ACCOUNT AND ACCELERATE THE FULL BALANCE. YOU MAY REQUEST ONLY ONE DEFERRED PAYMENT PER LOAN. THE DEFERRED PAYMENT WILL BE ADDED AFTER THE LAST SCHEDULED PAYMENT AND IS DUE AT AN INTERVAL NO SHORTER THAN THE INTERVALS BETWEEN THE ORIGINALLY SCHEDULED PAYMENTS.

FL 0719

## Assignment and Bill of Sale

Dollar Financial Group, Inc. ("Seller"), a business entity duly organized under the laws of the State of Delaware has entered into a Forward Flow Loan Sale Agreement, dated May 22, 2019 (the "Agreement"), with Alliant Capital Management, LLC ("Buyer"), related to the sale of Accounts on the terms set forth in the Agreement. Buyer and Seller also have entered into an Annex I, Number 8 to the Agreement ("Annex I, Number 8") dated concurrent with this Assignment and Bill of Sale with respect to the sale of the Accounts described in the Account Listing attached to such Annex I, Number 8 (collectively, the "Purchased Accounts").

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Seller hereby sells, assigns, and transfers to Buyer all of Seller's rights, title and interest in each and every one of the Purchased Accounts, provided, however such transfer is made without any representations, warranties or recourse, except as provided in the Agreement or in the Annex I, Number 8.

Capitalized terms not otherwise defined herein shall be as defined in the Agreement.

This Assignment and Bill of Sale shall be binding upon Seller and Seller's successors and assigns, and shall inure to the benefit of Buyer and Buyer's successors and assigns.

IN WITNESS WHEREOF, Seller has executed and delivered this Assignment and Bill of Sale to be effective March 30, 2020.

SELLER:

DOLLAR FINANCIAL GROUP, INC.

By: _____

Name: Scott Cohen

Title: Acting Chief Financial Officer

**Account Summary**

| | | | |
|---|---|---|---|
| Debtor Name: | Jeffrey Siskind | | |
| Debtor SSN: | XXX-XX-3282 | | |
| Debtor Address: | 3465 SANTA BARBARA DR, WELLINGTON, FL 33414 | | |
| Balance at Time of Filing: | $2,361.61 | Principal Balance: | $2,361.61 |
| Interest: | | Fees, Expenses or Other Charges: | |
| Last Payment Date: | | Last Payment Amount: | |
| Last Purchase Date: | 07/21/2019 | Last Purchase Amount: | |
| Merchant: | | | |
| Entity to whom the debt was owed at the time of the accountholder's last transaction on the account: | TheCheckCashingStore | Entity from whom creditor purchased account: | Huntington Debt Holdings |
| Creditor Name: | Alliant Capital Management - HDH | | |
| Account Number: | XXX0774 | Alternate Account Number: | |
| Open Date: | 07/21/2019 | Charge Off Date: | 02/23/2020 |
| Case Number: | 23-11720 | Chapter: | Chapter 13 |

# PROOF OF SERVICE DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Weinstein & Riley, P.S., 2001 Western Ave, Suite 400, Seattle, WA 98121

A true and correct copy of the foregoing document entitled *(specify)*: <u>Amended Proof of Claim</u> will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>September 1, 2023</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Arvind Nath Rawal:  arawal@aisinfo.com
JaVonne M. Phillips:  bknotice@mccarthyholthus.com
Nancy K. Curry, Trustee:  trustee13la@aol.com
United States Trustee:  ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL:**
On <u>September 1, 2023</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

<u>Debtor</u>
Jeffrey Siskind
3465 Santa Barbara Drive
Wellington, FL  33414

☐ Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 1, 2023 | | /s/ Jordan Morrison |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
48080468

**F 9013-3.1.PROOF.SERVICE**