Jeffrey Marc Siskind
3465 Santa Barbara Drive
Wellington, Florida 33414
OFC TEL  (561) 791-9565
DIRECT    (561) 352-9166
OFC FAX  (561) 791-9581
Email:  jeffsiskind@msn.com

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

IN RE:                                                                CASE NO. 2:23-BK-11720-VZ

    JEFFREY MARC SISKIND,                              CHAPTER 13

                  Debtor.
_____/

## DEBTOR'S RESPONSE TO CHAPTER 13 TRUSTEE'S MOTION
## TO DISMISS CASE AND REQUEST FOR HEARING

DEBTOR, Jeffrey Marc Siskind, pro se, files this Response to the Chapter 13 Trustee's Motion to Dismiss Case and Request for Hearing (the "Response"), and states:

1.    Debtor may appear to have been dilatory in attending to the requirements listed on the Chapter 13 Trustee's Objection Sheet filed May 5, 2023 but this was due to a painful personal injury and other unforeseeable family matters that required Debtor's immediate attention, but has of this date addressed all of the Chapter 13 Trustee's objections except its request to provide all completed Monthly Business Income and Expense Statements.

2.    Debtor requests that the Trustee's Motion to Dismiss Case and this Response be heard by the Court, before which hearing Debtor will supply all remaining completed Monthly Business Income and Expense Statements.

3.    Debtor has addressed the Chapter 13 Trustee's outstanding objections as follows:

## ELIGIBILITY

4.      The debt to U.S. Bank alleged in Proof of Claim No. 1 is a secured debt on a parcel of real property that is not owned by the Debtor. The amount of the claim is significantly less than the fair market value of the real property. The Debtor consented to stay relief in favor of U.S. Bank so that it could pursue its claim in rem outside of Debtor's bankruptcy case and there cannot be any deficiency claim against the Debtor pursuant to the stay relief order.

## VENUE

5.      Venue is proper pursuant to 28 USC 1408 which permits a Debtor to file where its principal assets were located for the majority of 180 days prior to filing a voluntary petition. BDSI Incorporated ("BDSI") was formed on September 30, 2022, at which time Debtor was issued 3,000,0000 digital tokens having a value of $1 each that reside on BDSI's token ledgers in Los Angeles. BDSI's ledgers were maintained beginning on the date of its formation up to and including the date on which Debtor filed its Voluntary Petition (174 days after the formation of BDSI) with its office located in the Central District of California. A copy of the State of Florida Limited Liability Company Entity Detail was provided to the Chapter 13 Trustee on April 29, 2024 which BDSI's Los Angeles location.

## PLAN SERVICE AND NOTICE

6.      <u>Failure to file and serve Notice of the 341 Meeting and Confirmation Hearing.</u> The Chapter 13 Trustee served an Amended Notice of 341 Meeting of Creditors with an attached proof of service at ECF 16 on April 4, 2023. Debtor filed a First Amended Plan on April 29, 2024 and has served same upon all creditors. Debtor also served a Notice of Confirmation Hearing stating that the Confirmation Hearing will be held on May 13, 2024 at 10:00 a.m. at 255

East Temple Street, Courtroom 1368, Los Angeles, CA 90012 by U.S. Mail to all creditors and filed a Certificate of Service attesting to said service via *eDB* on April 29, 2024. Said Notice also referred recipients to ECF 2 for further case information.

ALLEGATIONS OF FAILURES TO DISCLOSE

7.  The Trustee alleged that the Debtor failed to disclose the following assets and debts for which Debtor offers the following explanations:

(1)  Voluntary Petition Not Signed.  Debtor's initial Form 101, its Voluntary Petition, was filed pro se together with its Schedules and the Statement of Financial Affairs by means of the Clerk's '*eSR*' e-filing program which did not permit Debtor to affix a signature to the Petition.

(2)  Address on Petition was not Debtor's Residence.  The Debtor initially listed 3183 Wilshire Blvd as Debtor's residence because the Clerk's *eSR* e-filing program would not accept the initial filing with a foreign address for the Debtor.  However, Question #5 on the Petition explained that the location of Debtor's principal assets served as the basis for this Court's jurisdiction in accordance with 28 USC 1408.  The *eSR* Declaration was filed as the first page of five "Additional *eSR* documents" pages that were appended to the Voluntary Petition at ECF 1. Debtor amended its address on March 27, 2023 at ECF 9.

(3)  Form 106Dec Not Signed.  The initial Form 106D, Declaration About an Individual Debtor's Schedules, was not signed because the Clerk's *eSR* e-filing program did not permit a signature to be affixed to the form.  However, the *eSR* Declaration was filed as the first page of five "Additional *eSR* documents" pages that were appended to the Voluntary Petition at ECF 1.

(4)  Schedule C Failed to Specify Applicable Code Sections to Exempt Equity in

Personal Property. Debtor filed an Amended Schedule C at ECF 27 on May 31, 2023 in response to the Chapter 13 Trustee's Objection to Claim of Exemptions filed at ECF 26 on May 23, 2023. The Chapter 13 Trustee's Objection was subsequently withdrawn on July 12, 2023 at ECF 40.

(5) No Claim Amount Disclosed for Multiple Creditors and Part 4 of Schedule E/F is Missing. Debtor corrected and refiled Schedule E/F on April 29, 2024 via *eDB*.

(6) Form 122C-1 is Incomplete. Debtor filed an Amended Form 122C-1 on April 18, 2023 at ECF 19.

## FEASIBILITY

8. Plan is infeasible due to No Provision for U.S. Bank Claim. Debtor consented to the Court granting U.S. Bank's motion for stay relief so that it could pursue its claim in rem outside of this bankruptcy case. Stay relief thus made Debtor's Chapter 13 Plan feasible.

## THE PLAN

9. The Chapter 13 Plan is Inaccurate due to the Priority Claim due to the IRS. Debtor's IRS debt has been determined to be uncollectible, and the vast amount of the claim dates back to 2015 which is beyond the statute of limitations for collectability. Debtor plans to file an objection to the IRS proof of claim and, in an abundance of caution, amend its Chapter 13 Plan to include full payment to the IRS.

## BEST EFFORT

10. Some Scheduled Expenses are Not Reasonable and/or Necessary. Debtor filed an Amended Schedule J on April 29, 2024 which adjusted Food/Housekeeping Supplies and Personal Care Products/Services to meet published IRS standards. Expenditures benefitting Debtor's adult children were also eliminated at the Chapter 13 Trustee's behest, including the portion of Debtor's food allowance apportioned to Debtor's children attending college.

## LIQUIDATION

11. <u>Plan provides Less to General Unsecured Creditors than they would obtain in a Chapter 7 Case; Too Much Non-Exempt Value in Personal Property.</u>  Debtor's digital tokens are restricted from sale until July 1, 2026, and then limited to sales of ten percent (10%) of Debtor's digital tokens per calendar every calendar quarter.  As of the filing of this paper, the minimum distribution has not been reached.  This restriction on asset sales changes the liquidation analysis and makes implementation of the Chapter 13 Plan superior to a Chapter 7 liquidation.  Because the unsaleable tokens currently have unrealizable value, they cannot be ascribed a liquidation value.  Likewise, the Chapter 13 Trustee cannot rely upon the fair market value of Debtor's digital tokens to calculate non-exempt personal property.

## INCOME

12. <u>Payment Advices and 2021 Federal and State Income Tax Returns Not Timely Filed; Failure to Adhere to Business Reporting Requirements.</u>  Debtor filed its Payment Advices on July 31, 2023 at ECF 42, and emailed its 2021 Federal Tax Return to the Chapter 13 Trustee on August 4, 2023, thus curing this deficiency because there is no individual state income tax in Florida.  Debtor filed a Statement of Compliance with the Business Reporting Requirements of LBR 3015-1(c)(4) on August 5, 2023 at ECF 46.  On April 29, 2024, Debtor sent the Chapter 13 Trustee all requested bank account statements for checking accounts for Siskind, PLLC, its corporate predecessor, Siskind Legal, PLLC and BDSI Incorporated.  AmTech, LLC does not have any bank or other financial accounts.  Debtor also provided the Chapter 13 Trustee with its 2022 Federal Income Tax Return on April 29, 2024.  Prior to a hearing on the Chapter 13 Trustee's Motion to Dismiss Case, Debtor will provide the Chapter 13 Trustee with all relevant Monthly Income and Expense Statements on the form provided by the Trustee.

## MISCELLANEOUS

13.     Debtor addressed the Chapter 13 Trustee's requests in this section as follows: Debtor provided a copy of its credit report, a copy of the Second Siskind Family Trust, Debtor's 2021 Federal Income Tax Return and proof of no interest in properties located at 401 Carysfort Road, 3465 Santa Barbara Drive and 2773 South Ocean Boulevard #102 to the Chapter 13 Trustee via email on August 4, 2023. and filed a Declaration of Filing Tax Returns and Payment of Domestic Support Obligations on August 2, 2023 at ECF 44.

WHEREFORE, Debtor responds to the Chapter 13 Trustee's Motion to Dismiss Case and requests that the matter be set for hearing in the normal course.

_____*/s/ Jeffrey M. Siskind*_____
Jeffrey M. Siskind, Pro Se
3465 Santa Barbara Drive
Wellington, FL  33414

TELEPHONE (561) 791-9565  FACSIMILE   (561) 791-9581
Emails:   jeffsiskind@msn.com & jeffsiskind@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above Debtor's Response to Chapter 13 Trustee's Motion to Dismiss Case was served upon the Chapter 13 Trustee and all appropriate creditors on April 29, 2024 as evidenced on the attached Proof of Service of Document.

_____*/s/ Jeffrey M. Siskind*_____
Jeffrey M. Siskind, Pro Se

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

17927 77th Lane North, Loxahatchee, Florida 33470

A true and correct copy of the foregoing document entitled (*specify*):

DEBTOR'S RESPONSE TO CHAPTER 13 TRUSTEE'S MOTION TO DISMISS CASE AND REQUEST FOR HEARING

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 29, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) April 29, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) April 29, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4-29-2024 | Josef Schneider | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012  **F 9013-3.1.PROOF.SERVICE**

## **PROOF OF SERVICE OF DOCUMENTS**

ATTACHMENT TO ITEM #1

    United States Trustee (LA)
    ustpregion16.la.ecf@usdoj.gov

    JaVonne M Phillips
    McCarthy & Holthus, LLP
    bknotice@mccarthyholthus.com

    Arvind Nath Rawal
    arawal@aisinfo.com

    Nancy K Curry (TR)
    trustee13la@aol.com

    Caren J. Castle
    ccastle@idealawgroupllc.com


ATTACHMENT TO ITEM #2

    Honorable Vincent P. Zurzolo
    United States Bankruptcy Court
    Central District of California
    255 East Temple Street, Suite 1360
    Loa Angeles, CA  90012

    Florida Elections Commission
    Attn: Mattie Clay
    107 West Gaines Street Ste 224
    Tallahassee, FL 32399-1050

    Office of the U.S. Trustee
    51 SW First Avenue, Room 1204
    Miami, FL 33130-1614

    US Dept of Education
    PO Box 16448
    St Paul, MN 55116-0448

Civitek
PO Box 16428
Tallahassee, FL 32317-6428

Franchise Tax Board
Bankruptcy Section MS A340
PO Box 2952
Sacramento, CA 95812-2952

LNVN Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

PayPal
2211 North First Street
San Jose, CA 95131-2021

Robert Gibson
2385 NW Executive Center Drive Ste 100
Boca Raton, FL 33431-8510

USIRS
PO Box 7346
Philadelphia, PA 19101-7346

Christopher George
1861 Primrose Lane
Wellington, FL 33414-8662

FVRMS, LLC
c/o Zaretsky Law Group
1615 Forum Place 3A
West Palm beach, FL  33401-2316

Mobiloans
PO Box 1409
Marksville, LA 71351-1409

Uetsa Tsakiits Inc. dba MaxLend
PO Box 760
Loa Angeles, CA 90017-2466