Jeffrey Marc Siskind
3465 Santa Barbara Drive
Wellington, Florida 33414
TELEPHONE (561) 791-9565
DIRECT      (561) 352-9166
FACSIMILE:  (561) 352-9166
EMAIL: jeffsiskind@msn.com

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

IN RE:                                          CASE NO. 2:23-BK-11720-VZ

    JEFFREY MARC SISKIND,                      CHAPTER 13

        Debtor.

_____/

**RENEWED VERIFIED EX PARTE EXPEDITED MOTION FOR CLARIFICATION
OF ORDER AND NOTICE OF DISMISSAL ARISING FROM CHAPTER
13 CONFIRMATION HEARING [11 U.S.C. § 349]**

*THIS RENEWED MOTION TO OBTAIN CLARIFICATION IS FILED TO ENABLE A FOREIGN
BANKRUPTCY COURT TO PERMIT THE REINSTATEMENT OF DEBTOR'S CHAPTER 13 CASE SO
THAT THE DEBTOR IS NOT PREJUDICED BY THIS COURT'S ORDER THAT THE DEBTOR
INTERPRETED AS HAVING EFFECT ONLY IN THE INSTANT JURISDICTION*

COMES NOW the Debtor, Pro Se, and files this Renewed Verified Ex Parte Expedited

Motion for Clarification of Order and Notice of Dismissal Arising from Chapter 13 Confirmation

Hearing [11 U.S.C. §349], and states:

1.    Debtor's instant bankruptcy case was dismissed when confirmation was denied on

May 15, 2024 by a Court order that the Court stated would be its standard order [ECF 114].

2.    The Court's "Order and Notice of Dismissal Arising from Chapter 13

Confirmation Hearing [11 U.S.C. § 349]" (hereinafter referred to as the "Order") prohibited

Debtor from filing for bankruptcy protection unless it obtains an Order from the Court

authorizing Debtor to do so after notice to all creditors (hereinafter, the "Preclusion Clause").

3.    Debtor interpreted this Court's Preclusion Clause as only having effect in the

instant jurisdiction; the Central District of California.

4.      Debtor no longer has a jurisdictional basis to file in the Central District of
California, but found it necessary to file a Chapter 13 bankruptcy case on March 12, 2025 in the
district where Debtor resides; the Southern District of Florida.

5.      On March 26, 2025 the Debtor filed its Ex Parte Motion for Clarification of Order
and Notice of Dismissal Arising From Chapter 13 Confirmation Hearing [11 USC 349] in which
it sought expedited clarification that this Court intended that its Preclusion Clause have effect
only in the instant jurisdiction to avoid being found to have filed its current Chapter 13 case filed
in the Southern District of Florida in bad faith.

6.      At that point in time, Debtor had been served with an "Order Directing Jeffrey
Siskind to Show Cause Why Case Should Not Be Dismissed for Bad Faith" on March 14, 2025
(see attached Exhibit A) by the Southern District of Florida Bankruptcy Court to explain why it
did not violate this Court's Order by filing a subsequent Chapter 13 case in that foreign
jurisdiction in bad faith.

7.      Debtor responded to the aboce-mentioned Order to Show Cause on March 27,
2025 (see attached Exhibit B) and argued that it did not believe that the Order was not intended
to apply outside of this immediate district because it did not specifically state so.

8.      The Debtor then appeared in person to argue its position with respect to the Order
on April 1, 2025.  The Florida bankruptcy court furnished an order which dismissed Debtor's
subsequently filed Chapter 13 case but did not find it was filed in bad faith.  See attached Exhibit
C.

9.      During the hearing, the Florida bankruptcy court also stated that it would entertain
a motion for rehearing which request reinstatement, and conversion to a Chapter 7 case if
necessary.

10.    Debtor timely filed its Motion for Rehearing of Order Discharging Order to Show

Cause and Dismissing Bankruptcy Case which is currently pending before the Florida

bankruptcy court (see attached Exhibit D).

11.    As argued in its prior motion before this Court, which was denied for failure to

state cause, as well as before the Florida bankruptcy court, Debtor submits that it did not

understand that this Court's March 15, 2025 Order was intended to have applicability outside of

this immediate jurisdiction lest the Order specifically state that it was intended to have extra-

jurisdictional effect.

12.    Although that inference by the Debtor may have been in error, the Order states in

the decretal paragraphs that any new filing is precluded without obtaining prior permission but

then appears to state in the final unnumbered paragraph that it only applies to the filing of a

subsequent Chapter 13 case.

13.    Debtor further submits that the Order bases its Preclusion Clause on 11 USC §

349, which does not furnish a basis for requiring same.

14.    This understanding comports with the ruling in a case relied upon by the Debtor

when it argued its position against a bad faith filing before the Florida bankruptcy court; *In Re

Millers*, 90 B.R. 567 (SDBK, 1988).  In *Millers*, the husband and wife debtors grossly abused the

bankruptcy system and perpetuated a fraud on the court by filing successive cases under false

names and social security numbers, failing to execute their schedules and other papers and

appear for the 341 meeting of creditors.  As a consequence of the debtors' bad behavior, the

court "dismissed the case with prejudice to the Debtor ever refiling a bankruptcy proceeding in

this or any other bankruptcy court within the United States of America."  See case cited at

Exhibit E.

15.    The import of that ruling is that the language therein specifically mentioned its

nationwide applicability, thereby making plain the court's intent that its order have jurisdictional

significance outside of its immediate district. This differs from the Order at bar which was silent

as to the geographical limitations.

16.    Debtor has taken the position in good faith, whether correctly or not, that the

Court's Order must be strictly construed and that it is inappropriate to interpret the Court's intent

by inferring meaning absent clear language in the Order. Absent bad faith, the Debtor submits

that its interpretation should be adopted if only to avoid penalizing the Debtor by preventing it

from seeking relief pursuant to the bankruptcy code in another jurisdiction.

17.    However, the Debtor has located another case that this Court may find limits the

applicability of the earlier quoted case if the Order is deemed to have injunctive application;

*Alderwoods Group, Inc. v. Garcia*, 682 F.3d 958 (11th Cir., 2012). According to *Alderwoods*, a

federal court injunction may be held to have national application and the violation of the

injunction may only be enforced by the Court that issued it. No other court has jurisdiction to do

so. See cited case attached as Exhibit F.

18.    Albeit, because this Court relied upon 11 USC § 349 as a basis for the imposition

of its Preclusion Clause while that section does not appear to pertain to the Court's ability to

enjoin actions, the Debtor submits that it might not be an appropriate basis for the imposition of

an injunctive measure.

19.    Debtor submits that a correct interpretation of the Order should not infer that it is

applicable outside of the instant jurisdiction and that the Debtor should be accommodated so as

not to be found to have violated the Order by filing a subsequent case in another jurisdiction, so

that the Debtor is not denied its relief in bankruptcy, and that the need for clarity constitutes

sufficient cause for the Court to instruct as to the meaning of its Order.

20.    Nor should the Debtor be penalized when it was not found by the Florida

bankruptcy court to have acted in bad faith, pursuant to the actual text of its order. Similarly, as this Court is aware, the Debtor was never found to have acted in bad faith by this Court.

21.    Federal Rule of Civil Procedure 60(b), made applicable to bankruptcy cases pursuant to Rule of Bankruptcy Procedure 9024, permits relief from a judgment or order for any reason that justifies relief if a motion is filed within a reasonable time pursuant to Rule 60(c). Debtor bases this motion for clarification on Rule 60 and submits that its perception of the meaning of the Order should be considered correct. Thus, its subsequent bankruptcy case filing might not have been dismissed and may be considered for reinstatement.

WHEREFORE, Debtor requests that this Court reevaluate its May 15, 2024 Order and Notice of Dismissal Arising from Chapter 13 Confirmation Hearing [11 U.S.C. §349] and clarify same to state that the Preclusion Clause only affects Debtor if it intends to file another case in the instant division as opposed to a case filed in another state, so that the Debtor does not suffer undue prejudice, and for such other and further relief as appropriate.

Dated this 18th day of April, 2025.

_____
Jeffrey M. Siskind, Pro Se Debtor
3465 Santa Barbara Drive  Wellington, Florida  33414
TELEPHONE (561) 791-9565  FACSIMILE  (561) 791-9581
Emails:  jeffsiskind@msn.com & jeffsiskind@gmail.com

## VERIFICATION

The undersigned does hereby certify that this motion is presented in good faith and that the facts presented herein are true and correct.

_____
Jeffrey M. Siskind, Pro Se Debtor

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true copy of the foregoing response was provided to the Office of Nancy K. Curry, Chapter 13 Trustee, and all parties registered to receive notices by CM/ECF on April 20, 2025.

                                        Jeffrey M. Siskind, Pro Se Debtor

EXHIBIT A



**ORDERED in the Southern District of Florida on March 14, 2025.**

Mindy A. Mora, Judge
United States Bankruptcy Court

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### www.flsb.uscourts.gov

In re:                                      Case No.: 25-12677-MAM

Jeffrey Marc Siskind,                       Chapter 13

    Debtor.

_____/

## ORDER DIRECTING JEFFREY SISKIND TO
## SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR BAD FAITH

On February 11, 2025, the Supreme Court of Florida disbarred Mr. Siskind from the practice of law effective on March 13, 2025. One day before his disbarment took effect, Mr. Siskind filed the above-captioned bankruptcy case.

About ten months ago, the United States Bankruptcy Court for the Central District of California (the "California Bankruptcy Court") ordered that Mr. Siskind is prohibited from filing any new bankruptcy petition unless: (1) he files a motion

requesting permission to file a new bankruptcy case that is supported by admissible evidence; (2) he serves the motion upon all creditors; (3) the motion is set for hearing on regular notice; and (4) the California Bankruptcy Court grants the motion.[1]

As of the date of this Order and based on the record, this Court cannot assume that Mr. Siskind has complied with the California Dismissal Order. Accordingly, the Court ORDERS that:

1. Mr. Siskind must appear at a hearing to show cause (the "Show Cause Hearing") as to why this bankruptcy case should not be dismissed as a bad faith filing based upon Mr. Siskind's failure to comply with the requirements of the California Dismissal Order.

2. Mr. Siskind must appear at the Show Cause Hearing in person.

3. The Court shall conduct the Show Cause Hearing on **April 1, 2025, at 11:00 a.m.** at the United States Bankruptcy Court, 1515 N. Flagler Drive, Courtroom A, Room 801, West Palm Beach, FL 33401.

4. Although the Court will conduct the hearing in person, any interested party other than Mr. Siskind may attend the hearing remotely using Zoom. To participate remotely, parties must register[2] using the following link: https://www.zoomgov.com/meeting/register/vJItdumqrzstGdoBW4nz6tq3IJmn8ydPxj4.

---

[1] ECF No. 114, Case No. 2:23-bk-11720-VZ (U.S. Bankruptcy Court, Central Dist. Of CA) (the "California Dismissal Order").

[2] If a party is unable to register online, please contact Maria Romaguera, Courtroom Deputy, at (561) 514-4109 or email Maria_Romaguera@flsb.uscourts.gov.

5.      All participants (including those present via Zoom) must observe the formalities of the courtroom, exercise civility, and conduct themselves in a manner consistent with the dignity of the Court. This includes appropriate courtroom attire.

### 

Copy to:

All interested parties by Clerk of Court.

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

FILED-USBC, FLS-WPB
'25 MAR 27 PM 3:11

IN RE:                                          Case No. 25-12677-MAM

    JEFFREY MARC SISKIND,                    Chapter 13

        Debtor.

_____/

## DEBTOR'S RESPONSE TO ORDER DIRECTING JEFFREY SISKIND TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR BAD FAITH FILING

COMES NOW the Debtor, Jeffrey Marc Siskind, Pro Se, and files this *RESPONSE TO* Order Directing Jeffrey Siskind to Show Cause Why Case Should Not Be Dismissed for Bad Faith Filing, and states:

1.      Debtor believes that the bar against refiling for relief contained in the *Order and Notice of Dismissal Arising from Chapter 13 Dismissal Hearing [11 USC 349]* rendered in the Central District of California on May 15, 2024 (attached as "Exhibit A") was never intended to apply to a bankruptcy case filed subsequently in a foreign jurisdiction.

2.      In order to ascertain that this was the California court's intent, Debtor filed an Ex Parte Expedited Motion for Clarification of the Order and Notice of Dismissal Arising from Chapter 13 Dismissal Hearing [11 USC 349] (attached as "Exhibit B") in the Central District of California bankruptcy court which seeks clarification as to whether the order was intended to enjoin Debtor from filing a subsequent case elsewhere, and lodged a proposed order (attached as "Exhibit C").

3.      Furthermore, Code section 11 USC 109(g) referred to by 11 USC 349(a) cannot serve as the basis to prevent a subsequent bankruptcy case filing because it would only operate under certain circumstances, none of which were present in the Debtor's prior filed California case, and any 180-day prejudice period would have already lapsed.

4. Debtor submits that the Court should find that Debtor acted in good faith or abstain from making any finding until such time as the Central District of California rules on Debtor's attached motion.

WHEREFORE, Debtor requests that the Court find that it acted in good faith or abstain from making any finding until such time as the Central District of California rules on Debtor's attached motion.

Jeffrey Marc Siskind
3465 Santa Barbara Drive
Wellington, FL 33414
TEL (561) 791-9565
FAX (561) 791-9581
Email: jeffsiskind@msn.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing paper will be served upon the filing hereof on all registered parties registered on CM/ECF, listed below, this 27th day of March, 2025, which parties include the Office of the United States Trustee, Robin Weiner, Esquire, the Chapter 13 Standing Trustee and any parties that have duly noticed their appearance.

Jeffrey Marc Siskind

# EXHIBIT A

Form van152–od13c
Rev. 06/2017

2018CA 006574



## United States Bankruptcy Court
## Central District of California

255 East Temple Street, Los Angeles, CA 90012

## ORDER AND NOTICE OF DISMISSAL
## ARISING FROM CHAPTER 13 CONFIRMATION HEARING [11 U.S.C. § 349]

**DEBTOR INFORMATION:**
Jeffrey Marc Siskind

**BANKRUPTCY NO.** 2:23–bk–11720–VZ

**CHAPTER** 13

**Last four digits of Social–Security or Individual Taxpayer–Identification (ITIN) No(s)., (If any):** ▉▉▉▉
**Employer Tax–Identification (EIN) No(s).(if any):**  N/A
**Debtor Dismissal Date:** 5/15/24

**Address:**
3465 Santa Barbara Dr
Wellington, FL 33414

Pursuant to the court's findings and conclusions made at the confirmation hearing in this case,
IT IS ORDERED THAT:

(1)  debtor's bankruptcy case is dismissed;

(2)  the court retains jurisdiction on all issues involving sanctions, any bar against being a debtor in bankruptcy, all issues arising under Bankruptcy Code §§ 105, 109(g), 110, 329, 349, and 362, and to any additional extent provided by law; and

(3)  pursuant to Bankruptcy Code Section 349, debtor is prohibited from filing any new bankruptcy petition unless:

    (a)  debtor files a motion to request permission to file a new bankruptcy case ("Motion"), and the Motion is supported by admissible evidence;

    (b)  the Motion is served upon all creditors;

    (c)  the Motion is set for hearing on regular notice; and

    (d)  the court grants the Motion.

Prohibition From Filing a Chapter 13 Case Without First
Obtaining Order of The Court Authorizing Him to do so

Dated: May 15, 2024

BY THE COURT,

**Kathleen J. Campbell**
Clerk of Court

Form van152–od13c Rev. 06/2017

**114 – 2 / SC2**

NOT A CERTIFIED COPY

# EXHIBIT B

Jeffrey Marc Siskind
3465 Santa Barbara Drive
Wellington, Florida 33414
TELEPHONE (561) 791-9565
DIRECT     (561) 352-9166
FACSIMILE:  (561) 352-9166
EMAIL: jeffsiskind@msn.com

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

IN RE:                                          CASE NO. 2:23-BK-11720-VZ

    JEFFREY MARC SISKIND.                   CHAPTER 13

        Debtor.

_____/

**EX PARTE EXPEDITED MOTION FOR CLARIFICATION OF ORDER AND NOTICE OF
DISMISSAL ARISING FROM CHAPTER 13 CONFIRMATION HEARING [11 U.S.C. § 349]**

*THIS EXPEDITED MOTION TO OBTAIN CLARIFICATION IN SUCH TIME AS NOT TO
IMPEDE THE DEBTOR'S CURRENT CHAPTER 13 FILING IN ANOTHER JURISDICTION*

COMES NOW the Debtor, Pro Se, and files this Ex Parte Expedited Motion for

Clarification of Order and Notice of Dismissal Arising from Chapter 13 Confirmation Hearing

[11 U.S.C. §349], and states:

    1.    Debtor's instant bankruptcy case was dismissed when confirmation was denied on

May 15, 2024.

    2.    The Order and Notice of Dismissal Arising from Chapter 13 Confirmation

Hearing [11 U.S.C. § 349] (hereinafter, the "Order") that was rendered on May 15, 2024

prohibits Debtor from filing for bankruptcy protection unless it obtains an Order from the Court

authorizing Debtor to do so after notice to all creditors (hereinafter, the "Preclusion Clause").

    3.    Debtor recalls that the Court stated that it would render its 'standard order' when

it denied confirmation and dismissed the Debtor's case, which dismissal Debtor believed was

based upon the Chapter 13 Trustee's assertion that there still remained two outstanding disclosures that Debtor failed to file before the date set for confirmation.

4.    Debtor has practiced bankruptcy for more than ten (10) years in Florida and Maryland does not believe that this Court's dismissal which was without prejudice was intended to affect Debtor's ability to file for relief in a foreign jurisdiction. Instead, Debtor interpreted this Court's Preclusion Clause as only having effect in the Central District of California.

5.    Debtor no longer has a jurisdictional basis to file in the Central District of California, but found it necessary to file a Chapter 13 bankruptcy case on March 12, 2025 in the district where Debtor resides: the Southern District of Florida.

6.    Debtor seeks expedited clarification that this Court intended that its Preclusion Clause have effect only in the instant jurisdiction to avoid being found to have filed its current Chapter 13 case filed in the Southern District of Florida in bad faith.

7.    Debtor has been served with an Order to Show Cause by the Southern District of Florida Bankruptcy Court as to why it did not violate this Court's dismissal order by filing its current Chapter 13 case and is required to appear to defend against it on April 1, 2025.

WHEREFORE, Debtor requests that this Court clarify its May 15, 2024 Order and Notice of Dismissal Arising from Chapter 13 Confirmation Hearing [11 U.S.C. §349] to state that the Preclusion Clause only affects Debtor if it intends to file another case in the instant division as opposed to a case filed in another state, and for such other and further relief as appropriate.

Respectfully submitted this 26th day of March, 2025.

Jeffrey M. Siskind, Pro Se Debtor
3465 Santa Barbara Drive Wellington, Florida 33414
TELEPHONE (561) 791-9565 FACSIMILE (561) 791-9581
Emails:  jeffsiskind@msn.com & jeffsiskind@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing response was provided to the Office of Nancy K. Curry, Chapter 13 Trustee, and all parties registered to receive notices by CM/ECF on March 26, 2025.

Jeffrey M. Siskind, Pro Se Debtor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.   My business address is:

A true and correct copy of the foregoing document entitled (*specify*):

Ex Parte Expedited Motion for Clarification of Order and Notice of Dismissal Arising from Chapter 13 Confirmation
Hearing [11 USC 349]

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)**
in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
March 26,2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) March 26, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

Honorable Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method
for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 26, 2024, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 3-26-2025 | Josef Schneider | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

## PROOF OF SERVICE OF DOCUMENTS

ATTACHMENT TO ITEM #1

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

JaVonne M Phillips
McCarthy & Holthus, LLP
bknotice@mccarthyholthus.com

Arvind Nath Rawal
arawal@aisinfo.com

Nancy K Curry (TR)
trustee13la@aol.com

Caren J. Castle
ccastle@idealawgroupllc.com

ATTACHMENT TO ITEM #2

Honorable Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
255 East Temple Street, Suite 1360
Loa Angeles, CA 90012

Florida Elections Commission
Attn: Mattie Clay
107 West Gaines Street Ste 224
Tallahassee, FL 32399-1050

Office of the U.S. Trustee
51 SW First Avenue, Room 1204
Miami, FL 33130-1614

US Dept of Education
PO Box 16448
St Paul, MN 55116-0448

Civitek
PO Box 16428
Tallahassee, FL 32317-6428

Franchise Tax Board
Bankruptcy Section MS A340
PO Box 2952
Sacramento, CA 95812-2952

LNVN Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

PayPal
2211 North First Street
San Jose, CA 95131-2021

Robert Gibson
2385 NW Executive Center Drive Ste 100
Boca Raton, FL 33431-8510

USIRS
PO Box 7346
Philadelphia, PA 19101-7346

Christopher George
1861 Primrose Lane
Wellington, FL 33414-8662

FVRMS, LLC
c/o Zaretsky Law Group
1615 Forum Place 3A
West Palm beach, FL  33401-2316

Mobiloans
PO Box 1409
Marksville, LA 71351-1409

Uetsa Tsakiits Inc. dba MaxLend
PO Box 760
Loa Angeles, CA 90017-2466

EXHIBIT C

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jeffrey Marc Siskind<br>3465 Santa Barbara Drive<br>Wellington, FL 33414 | |

☒ Individual appearing without an attorney
☐ Attorney for:

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br>Jeffrey Marc Siskind | CASE NO.: 23-bk-11720-VZ |
|---|---|
| | CHAPTER: 13 |
| | **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:** *(title of motion[1])*:<br>.Ex Parte Expedited Motion for Clarification of Order and Notice of Dismissal Arising from Chapter 13 Confirmation Hearing [11 USC 349] |
| Debtor(s) | |

PLEASE TAKE NOTE that the order titled Order Clarifying Order and Notice of Dismissal Arising from Chapter 13 Confirmation Hearing [11 USC 349]

was lodged on (date) __03/26/2025__ and is attached. This order relates to the motion which is docket number 122.

[1] Please abbreviate if title cannot fit into text field.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                         Page 1                    **F 9021-1.2.BK.NOTICE.LODGMENT**

Jeffrey Marc Siskind
3465 Santa Barbara Drive
Wellington, FL 33414
Phone: 561-791-9565
Email: jeffsiskind@msn.com
Pro Se Debtor


# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 2:23-bk-11720-VZ |
| Jeffrey Marc Siskind, | ) | Chapter 13 |
| Debtor. | ) | **ORDER CLARIFYING ORDER AND NOTICE OF DISMISSAL ARISING FROM CHAPTER 13 CONFIRMATION HEARING [11 USC 349] (ECF 129)** |
| | ) | |
| | ) | Date: N/A; Ex Parte Expedited Motion Time: N/A; Decided in Chambers Courtroom:1368, Roybal Federal Building 155 E Temple St., Los Angeles, CA 90012 |
| | ) | |

THIS MATTER came before the Court on Debtor's Ex Parte Expedited Motion to Clarify Order and Notice of Dismissal arising from Chapter 13 Confirmation Hearing (11 USC 349] filed at ECF 129 (hereinafter "Motion"). The Court, having reviewed the Motion, its order at ECF 114 and being otherwise fully informed in the premises, does hereby

ORDER AND ADJUDGE that for the reasons stated in the Motion and on the record of the Confirmation hearing, Debtor's Motion is GRANTED. The Court's order rendered on May 15, 2024 at ECF 114 is clarified by adding the following language: Debtor need only obtain permission of this Court if Debtor intends to file a new bankruptcy case in this District. The order does not preclude Debtor from filing for relief under the United States Bankruptcy Code in any other jurisdiction.

### ###

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled (*specify*):

Lodgment of Proposed Order on Debtor's Ex Parte Expedited Motion for Clarification of Order and Notice of Dismissal

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 26, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) March 26, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 26, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3-26-2025 | Josef Schneider | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012 **F 9013-3.1.PROOF.SERVICE**

## PROOF OF SERVICE OF DOCUMENTS

ATTACHMENT TO ITEM #1

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

JaVonne M Phillips
McCarthy & Holthus, LLP
bknotice@mccarthyholthus.com

Arvind Nath Rawal
arawal@aisinfo.com

Nancy K Curry (TR)
trustee13la@aol.com

Caren J. Castle
ccastle@idealawgroupllc.com

ATTACHMENT TO ITEM #2

Honorable Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
255 East Temple Street, Suite 1360
Loa Angeles, CA 90012

Florida Elections Commission
Attn: Mattie Clay
107 West Gaines Street Ste 224
Tallahassee, FL 32399-1050

Office of the U.S. Trustee
51 SW First Avenue, Room 1204
Miami, FL 33130-1614

US Dept of Education
PO Box 16448
St Paul, MN 55116-0448

EXHIBIT C



ORDERED in the Southern District of Florida on April 4, 2025.

Mindy A. Mora, Judge
United States Bankruptcy Court

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

In re                                    Case No.: 25-12677-MAM

Jeffrey Marc Siskind,                    Chapter 13
dba Siskind Family Office,

          Debtor(s).
_____/

## ORDER DISCHARGING ORDER TO SHOW CAUSE AND DISMISSING BANKRUPTCY CASE

The United States Bankruptcy Court for the Central District of California (the "California Bankruptcy Court") entered an order dismissing a 2023 chapter 13 case (Case No. 23-11720) filed by Jeffrey Siskind.[1] The California Dismissal Order contained the following language:

(1)     debtor's bankruptcy case is dismissed;

---

[1] ECF No. 114 in Case No. 23-11720 (Bankr. C.D. Cal.). The Court will refer to this order as the "California Dismissal Order" and Mr. Siskind's 2023 bankruptcy case as the "California Bankruptcy Case".

(2)    the court retains jurisdiction on all issues involving sanctions, any bar against being a debtor in bankruptcy, all issues arising under Bankruptcy Code §§ 105, 109(g), 110, 329, 349, and 362, and to any additional extent provided by law; and

(3)    pursuant to Bankruptcy Code Section 349, debtor is prohibited from filing any new bankruptcy petition unless:

(a)    debtor files a motion to request permission to file a new bankruptcy case ("Motion"), and the Motion is supported by admissible evidence;

(b)    the Motion is served upon all creditors;

(c)    the Motion is set for hearing on regular notice; and

(d)    the court grants the Motion.

The California Dismissal Order prompted this Court to enter the *Order Directing Jeffrey Siskind to Show Cause Why This Case Should Not Be Dismissed for Bad Faith* (ECF No. 8) (the "Show Cause Order").

The Court held a hearing on April 1, 2025 at 11:00 a.m. (the "Show Cause Hearing"). At the Show Cause Hearing, Mr. Siskind explained that he did not comply with the California Bankruptcy Court because he understood the California Dismissal Order to apply only to bankruptcy cases filed in the Central District of California.

A. Interpretation of the California Dismissal Order

This Court does not read the California Dismissal Order so narrowly. The California Bankruptcy Court retained jurisdiction over Mr. Siskind's eligibility to be a bankruptcy debtor without stating a geographic or temporal limitation. The California Dismissal Order states that Mr. Siskind must obtain permission from the California Bankruptcy Court prior to filing a new bankruptcy case, which Mr. Siskind did not do.

To the extent that Mr. Siskind argues that the California Dismissal Order

2

covers only chapter 13 cases, not chapter 7 cases, the Court perceives no such limitation. If the California Bankruptcy Court intended to restrict operation of that order to only chapter 13 bankruptcy cases, it could have done so plainly in the text of the decretal paragraphs. It did not, and the Court will not infer this limitation from one short line of text near the signature line of the order.[2]

The record of the California Bankruptcy Case supports this Court's interpretation of the California Dismissal Order. About two weeks after entry of the Show Cause Order in this bankruptcy case,[3] Mr. Siskind belatedly filed an ex parte motion for clarification in the California Bankruptcy Case.[4] That motion sought expedited entry of an amended order with revised language reflecting a geographic limitation on the prohibition against filing a new bankruptcy petition.[5] The California Bankruptcy Court quickly denied the motion and declined to enter the proposed order submitted by Mr. Siskind.[6]

### B. Residency Issues

Residency issues may become important if Mr. Siskind decides to refile bankruptcy after seeking leave of the California Bankruptcy Court. To facilitate the accuracy of information filed in two districts located on opposite sides of the United

---

[2] ECF No. 114, line entry above Clerk of Court signature ("Prohibition From Filing a Chapter 13 Case Without First Obtaining Order of The Court Authorizing Him to do so"). This reference appears to be an administrative notation, not part of the California Bankruptcy Court's official decree.

[3] Case No. 25-12677 in the Bankruptcy Court for the Southern District of Florida.

[4] ECF No. 129 in the California Bankruptcy Case.

[5] ECF No. 130 in the California Bankruptcy Case.

[6] ECF No. 131 in the California Bankruptcy Case.

States, the Court will briefly make a few additional observations in this Order.

Mr. Siskind filed his bankruptcy petition in the California Bankruptcy Court under penalty of perjury. As a basis for filing in California, Mr. Siskind represented that, as of March 23, 2023, he resided at 3183 Wilshire Boulevard in Los Angeles, California.[7] That sworn statement remains puzzling because, prior to his disbarment, Mr. Siskind routinely appeared in this Court without mentioning that California is (or was) his official place of residence.[8]

During the pendency of Mr. Siskind's California Bankruptcy Case, the Court entered an order denying Mr. Siskind's retention as debtor's counsel in another (unrelated) chapter 11 case in this district, Case No. 24-11774.[9] That order included an exhibit describing the Court's factual observations regarding Mr. Siskind's residency at that time.[10] Despite inconsistent information on Mr. Siskind's residency over recent years, the Court bases dismissal of Mr. Siskind's current bankruptcy case solely on Mr. Siskind's failure to comply with the California Dismissal Order.

The Court will dismiss this bankruptcy case as violative of the California Dismissal Order. The Court notes Mr. Siskind's representations regarding his confusion as to the scope of that order and makes no present findings of bad faith.

---

[7] ECF No. 1, p. 2 (Question 5 "Where you live") in the California Bankruptcy Case.

[8] Mr. Siskind was a chapter 11 debtor in this Court from 2013-2018. The Court dismissed that case with a six month prejudice period. ECF No. 816 in Case No. 13-13096. Over the past 14 years, he has appeared as counsel in 106 local bankruptcy cases.

[9] ECF No. 44, Case No. 24-11774 (Bankr. S.D. Fla.). Exhibit A to that order describes the Court's findings at that time regarding Mr. Siskind's residence.

[10] ECF No. 44 in Case No. 24-11774.

4

The Court ORDERS that:

1. The Show Cause Order (ECF No. 8) is DISCHARGED.

2. This bankruptcy case is DISMISSED.

3. All pending motions are DENIED as moot.

4. The Clerk of Court is DIRECTED to close this bankruptcy case.

###

Copy Furnished To:
All interested parties by the Clerk of Court.

Additional Service Parties:

Jeffrey M Siskind
3465 Santa Barbara Drive
Wellington, FL 33414

**Case No. 23-bk-11720 (Bankr. C.D. Cal.)**
Nancy K Curry (TR)
1000 Wilshire Blvd., Suite 870
Los Angeles, CA 90017

U.S. Trustee
United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017

# EXHIBIT D



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE:                                                    Case no. 25-12677    - MAM

JEFFREY MARC SISKIND,                                     Chapter 13

Debtor.

_____/

## MOTION FOR REHEARING OF ORDER DISCHARGING ORDER TO SHOW CAUSE AND DISMISSING BANKRUPTCY CASE

COMES NOW the Debtor, pro se, and files this Motion for Rehearing of Order Discharging Order to Show Cause and Dismissing Bankruptcy Case, and states:

1.      Debtor's instant Chapter 13 bankruptcy was voluntarily filed on March 12, 2025.

2.      On March 14, 2025, the Court sua sponte entered an Order Directing Jeffrey Siskind to Show Cause Why Case Should Not be Dismissed for Bad Faith [ECF 8].

3.      Debtor filed its Response to said Show Cause Order on March 27, 2025 [ECF 18].

4.      Debtor timely filed all of its schedules and its Chapter 13 Plan.

5.      The basis for the Show Cause Order was the order dismissing Debtor's previously filed bankruptcy case in Los Angeles, California which required that the Debtor obtain that Court's permission before filing another bankruptcy case.

6.      The hearing on the Show Cause Order ("Order") was held on April 1, 2025.

7.      Prior to the hearing, Debtor sought clarification of the California dismissal order based upon Debtor's good faith belief that it only applied to a new Chapter 13 case filed in California district where Debtor's case was dismissed.

8.      Unknown to the Debtor until informed by this Court during the April 1st Show Cause hearing, the California bankruptcy court denied the Debtor's motion for clarification due to Debtor's failure to articulate cause.

9.    Debtor has of even date filed a renewed motion for clarification with the California court that Debtor believes expressed sufficient cause for the court to clarify that the requirement to obtain permission before refiling a bankruptcy case only applied to cases filed in the Central District of California

10.    Debtor's belief was based upon a statement made by the California court at the first confirmation hearing that it would furnish its standard dismissal order, the lack of any mention of bad faith, the text of the order that required Debtor to seek permission to file a new case in the California forum and Debtor's longstanding belief that one ought not infer anything that is not specifically stated in an order and perceived jurisdictional limits on orders in foreign jurisdictions.

11.    Debtor seeks rehearing to permit Debtor to file a bankruptcy case pursuant to either Chapter 7, 11 or 13 in the Southern District of Florida.

12.    For purposes of this rehearing, Debtor submits that the California court's requirement to obtain its permission before Debtor could file a new petition should not be adopted because the California court relied in error upon Bankruptcy Code Section 349.

13.    Section 349 which states that dismissal will result in reinstatement of the status quo unless the court orders otherwise <u>for cause</u> to require Debtor to seek permission. The California court did not state that the dismissal was for cause in its order. Absent cause, the section "does not prejudice the Debtor's filing of a subsequent petition except as provided in section 109(g).

14.    Section 109(g) does not pertain because it only applies to instances where a Debtor has willfully failed to abide by court order(s) or failed to appear, or where the Debtor was voluntarily dismissed after stay relief was granted, neither of which conditions occurred in the Debtor's California case.

15.    Because the portion of the California court's dismissal order that required prior permission before refiling relied in error upon a section of the Bankruptcy Code that did not support the prior permission requirement, that portion should not be given any weight by its Court.

16.    Debtor also wishes to address the "Residency Issues" observations raised in Section B of this Court's Order.

17.    The Court correctly ascertained that Debtor's Chapter 13 California petition listed a California address for the Debtor. This address was immediately changed to Debtor's Florida address.

18.    The California address, which is where Debtor's property was located when the petition was filed, had to be used because California's online filing system rejected any initial petition that did not list an address within the jurisdiction of the district where the bankruptcy court was located.

19.    Debtor reviewed this problem with the California bankruptcy clerk, and filed its initial petition listing the California address so that the system would not reject the petition.

20.    This was the only method of filing that would insure that the Debtor was permitted to file its petition in the jurisdiction where the majority of its property 'resided' as authorized by the bankruptcy code.

21.    Also, the Debtor submits that it does not recollect that the Court's residency observations were discussed at the Show Cause Hearing, and raises these points only to inform the Court as to why it was necessary to list the property address on Debtor's initial petition.

WHEREFORE, the Debtor requests that the Court rehear is Order dated April 4, 2025 and grant the relief requested herein.

Jeffrey M. Siskind, Debtor Pro Se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of this paper was sent by CM/ECF to all creditors and interested parties registered thereon and by U.S. Mail to those creditors shown on the creditor matrix that are not so registered this 18th day of April, 2025.

Jeffrey M. Siskind, Debtor Pro Se

Label Matrix for local noticing
113C-9
Case 25-12677-MAM
Southern District of Florida
West Palm Beach
Fri Apr 18 14:08:31 EDT 2025

U.S. Bank NA
Robertson, Anschutz, Schneid, Crane
13010 Morris Road, Suite 450
Alpharetta, GA 30004-2001

Belmar Winds, Inc. et al.
c/o Sofiye Williams, Esq.
500 E Broward Blvd Ste 1710
Fort Lauderdale, FL 33394-3005

CIVITEK
PO Box 16428
Tallahassee, FL 32317-6428

Clerk and Comptroller, Palm Beach County
PO Box 3406
West Palm Beach, FL 33402-3406

CreditOne Bank
PO Box 60500
City of Industry, CA 91716-0500

FVRMS,LLC
c/o Max Zaretsky, Esq.
1615 Forum Pl Ste 3A
West Palm Beach, FL 33401-2316

FedEx
PO Box 660481
Dallas, TX 75266-0481

Florida Dept. of Revenue
2468 Metrocentre Blvd.
West Palm Beach, FL 33407-3199

Frank Aloia, Esq.
c/o Aloia Roland et al.
2222 Second Street
Fort Meyers, FL 33901-3026

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Mobiloans PO
Box 1409
Marksville, LA 71351-1409

NES
Assignee for PNC Bank, N.A.
2479 Edison Boulevard, Unit A
Twinsburg, OH 44087-2476

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Office of the United States Trustee 51
SW First Avenue Room 1204
Miami, FL 33130-1608

PayPal
2211 North First Street San
Jose, CA 95131-2021

Robert Gibson
1709 22nd Avenue North
Lake Worth Beach, FL 33460-6000

Ryan M Aboud, Esq. Ryan
M Aboud,PA
980 N Federal Hwy Ste 110
Boca Raton, FL 33432-2704

Sara Dozier Rev. Trust and Michael Brown, Es
c/o Brown & Associates PA
712 US Highway 1 Ste 210-6
North Palm Beach, FL 33408-4525

Talavera Association, Inc.
c/o Backer Poliakoff & Foelster 400
South Dixie Highway Ste 420
Boca Raton, FL 33432

The Florida Bar
651 East Jefferson Street
Tallahassee, FL 32399-2300

U.S. Dept of Education PO
Box 5609
Greenville, TX 75403-5609

US IRS
Centralized Insolvency PO
Box 7346
Philadelphia, PA 19101-7346

USIRS
POB 7346
Philadelphia, PA 19101-7346

Uetsa Tsakits Inc
dba MaxLend PO
Box 760
Parshall, ND 58770-0703

Jeffrey Marc Siskind
3465 Santa Barbara Drive
Wellington, FL 33414-7269

Robin R Weiner
Robin R. Weiner, Chapter 13 Trustee
Post Office Box 559007
Fort Lauderdale, FL 33355-9007

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u) West Palm Beach

End of Label Matrix

| | |
|---|---|
| Mailable recipients | 26 |
| Bypassed recipients | 1 |
| Total | 27 |

# EXHIBIT E

➕ Positive
As of: March 27, 2025 3:03 PM Z

## *In re Millers*

United States Bankruptcy Court for the Southern District of Florida

September 12, 1988, Decided

Case No. 88-01675-BKC-SMW Chapter 13

**Reporter**
90 B.R. 567 *; 1988 Bankr. LEXIS 1482 **

In re: Hubert H. MILLERS and Cecilia C. Millers, Debtors

# Core Terms

social security number, bankruptcy proceedings, CONFIRMATION, scheduled, foreclosure, proceedings, signatures, refiling, utilized, cases

**Counsel: [**1]** Robert L. Roth, Trustee, Miami, Florida.

Bernard I. Rappaport, Esq., Miami, Florida, Attorney for the Debtors.

Hubert H. and Cecilia C. Millers, Miami Shores, Florida.

Todd S. Frankenthal, Esq., English, McCaughan & O'Bryan, Ft. Lauderdale, Florida, Attorneys for Glendale Federal.

**Judges:** Sidney M. Weaver, U.S. Bankruptcy Judge.

**Opinion by:** WEAVER

# Opinion

**[*567]** ORDER DENYING CONFIRMATION AND DISMISSING CASE

SIDNEY M. WEAVER, U.S. Bankruptcy Judge

THIS CASE came on to be heard on August 26, 1988 for confirmation of the Debtor's proposed Chapter 13 Plan, the Court having heard from counsel for the Debtors, counsel for the Trustee and various **[*568]** other interested parties and counsel, and being otherwise fully advised in the premises, it is

ORDERED as follows:

1. That upon the request of the Trustee, this case is hereby dismissed with prejudice to the Debtor ever refiling a bankruptcy proceeding in this or any other bankruptcy court within the United States of America.

2. That dismissal of this case is based upon the failure of the Debtors to appear at the Section 341 Meeting of Creditors or at the Confirmation hearing and, additionally, on the failure of the Debtors **[**2]** to accurately and completely execute their schedules and statement of financial affairs. In fact, the Debtors have attempted to perpetuate a fraud on this Court and on the creditors of the Debtors' estate by altering their names and social security numbers in order to file the instant bankruptcy proceeding, while failing to list the prior bankruptcies filed by them and responding to the question in the statement of affairs regarding prior bankruptcies by stating that there were no prior bankruptcies filed by these Debtors.

3. That the Court has been provided with information relating to the social security numbers utilized by the Debtors in this and other proceedings, which information is attached hereto as Exhibit "A" and indicates the use by these Debtors of fraudulent social security numbers belonging to other persons, some of which are deceased. Attached hereto as Exhibit "B" is a bankruptcy history of the Debtors indicating the various bankruptcies filed by these Debtors and the social security numbers and names utilized in those cases together with all pertinent case number and disposition information as well as the trustee assigned to each particular case.

4. That based upon **[**3]** the foregoing, the Court finds that the Debtors have grossly abused the bankruptcy process in the United States and have flagrantly violated the rules relating thereto, all of which merits the dismissal of this case with prejudice to the refiling of any bankruptcy proceedings by these Debtors at any time in the future.

5. That the Trustee shall turn the foregoing information

Case 2:23-bk-11720-VZ   Doc 133   Filed 04/20/25   Entered 04/21/25 14:20:22   Desc
Main Document    Page 43 of 58
Page 2 of 2

90 B.R. 567, *568; 1988 Bankr. LEXIS 1482, **3

over to the Federal Bureau of Investigation for any further proceedings which may be appropriate.

DONE AND ORDERED at Miami, Florida this 12 day of September, 1988.

EXHIBIT "A"

[SEE EXHIBIT "A" IN ORIGINAL]

EXHIBIT "B"

BANKRUPTCY HISTORY OF DEBTORS

On July 20, 1988 two F.B.I. agents visited Judge Weaver's chambers to discuss the following cases:

(1) Vol. 13 May 5, 1980 # 80-00516-BKC-TCB Tavormina

Names: Hubert Millers # 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

Cecilia Millers # 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

Address: 66 N.E. 159th Street

Case dismissed w/ prejudice for 6 months January 21, 1982 Order of Dismissal Vacated on Feb. 11, 1982 and case dismissed once again on March 5, 1982.

* Attorney Solomon Weiss

(2) Vol. 7 October 7, 1983 # 83-01850-BKC-SMW Tavormina

Names: Hubert Earl Miller # 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

Cecilia Adessa Miller [**4]  # 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

Address: 66 N.E. 159th Street

Debtors Discharged January 20, 1984

Case Closed November 28, 1984

Attorney: Burton D. Levey, Esq.

(3) Vol. 13 April 11, 1984 # 84-00685-BKC-SMW Roth

Names: Hubert Miller # 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

Cecilia Miller # 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

Address: 66 N.E. 159th Street

Debtors Dismissed w/ prejudice for 6 months on November 1, 1984.

** Debtors filed before scheduled foreclosure.

* Attorney Steven Jacob

(4) Vol. 13 June 28, 1985 # 85-01433-BKC-SMW Roth

Names: Hubert E. Miller # 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

Cecilia Miller # 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

Address: 66 N.E. 159 Street

N. Miami Beach, Florida 33162

  [*569]  ** Indicated in Bankr. Appl. that they had previously filed Bankr. in the following:
      84-0685-BKC-Gassen Vol. 13 (Dismissed)
      83-1850-BKC-SMW Vol. 7 (Discharged 1/20/84)
  * Attorney Steven Jacob
  Case was dismissed on July 31, 1985 on debtor's motion to dismiss because they were unable to fund a plan.
  * Case was filed before scheduled foreclosure
(5) Vol. 13 May 2, 1988 # 88-01675-BKC-SMW Roth

Names: Hubert H. Millers # 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

Cecilia C. Millers # 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

Address: 1098 N.E. 95th Street

  Debtors [**5]  indicated in their application that they had not previously filed for bankruptcy. However, their signatures on the petition are identical to their signatures in the 85-01433-BKC-TCB petition. The debtors have only changed their middle initials and their social security numbers.
  * Attorney Bernard I. Rappaport

---

**End of Document**

EXHIBIT F

⚠️ Caution
As of: March 27, 2025 2:41 PM Z

## *Alderwoods Group, Inc. v. Garcia*

United States Court of Appeals for the Eleventh Circuit

May 30, 2012, Decided; May 30, 2012, Filed

No. 10-14726

**Reporter**

682 F.3d 958 *; 2012 U.S. App. LEXIS 10891 **; 67 Collier Bankr. Cas. 2d (MB) 1485; 56 Bankr. Ct. Dec. 156; Bankr. L. Rep. (CCH) P82,270; 23 Fla. L. Weekly Fed. C 1088; 2012 WL 1940336

ALDERWOODS GROUP, INC., OSIRIS HOLDING OF FLORIDA, INC., NORTHSTAR GRACELAND, LLC, Plaintiffs - Appellants, versus REYVIS GARCIA, RAMONA JOHNSON, MERCEDES WOODBERRY, Defendants - Appellees.

**Prior History:** [**1] Appeal from the United States District Court for the Southern District of Florida. D.C. Docket Nos. 1:10-cv-20509-KMM, 08-01266-RAM.

*Alderwoods Group, Inc. v. Garcia, 420 B.R. 609, 2009 Bankr. LEXIS 3982 (Bankr. S.D. Fla., 2009)*

## Core Terms

bankruptcy court, **injunction**, Confirmation, discharged, district court, contempt, enjoin, notice, state court, **injunction** order, orders, quotation, courts, proceedings, violating, marks, reorganization plan, prosecuting, adjudicate, binding, unknown, rem

## Case Summary

**Procedural Posture**
Appellant discharged Chapter 11 debtors challenged a decision of the United States District Court for the Southern District of Florida, which affirmed the decision of the bankruptcy court granting appellee creditors' motion for summary judgment, declaring that the claims that the creditors were prosecuting against the debtors in state court had not been discharged in the debtors' Chapter 11 case.

**Overview**
The creditors alleged that the debtors were liable to them and the members of their class for damages because, due to inadequate record keeping, the debtors were unable to locate upon request the grave sites of family members or close relatives buried in a cemetery owned by the debtors. The debtors contended that the creditors' claims were discharged in a Chapter 11 bankruptcy case in the U.S. Bankruptcy Court for the District of Delaware. The debtors filed a "complaint" against the creditors in the United States Bankruptcy Court for the Southern District of Florida. The bankruptcy court held that the creditors' claims were not discharged in the Chapter 11 case. The district court affirmed. On appeal, the court held that the bankruptcy court lacked *jurisdiction* to determine whether the claims were discharged in a bankruptcy case litigated in the District of Delaware because the discharge *injunction* issued under *11 U.S.C.S. § 524* was never the bankruptcy court's to *enforce*.

**Outcome**
The court vacated the decision of the district court and remanded the case with the instruction that the district court transfer the case to the United States District Court for the District of Delaware.

## LexisNexis® Headnotes

Bankruptcy Law > Procedural
Matters > *Jurisdiction* > Federal District Courts

**HN1**[⚓] *Jurisdiction*, Federal District Courts

See *28 U.S.C.S. § 157(a)-(b)(1)*.

Bankruptcy Law > Procedural
Matters > *Jurisdiction* > Federal District Courts

**_HN2_[⬇]** **_Jurisdiction_, Federal District Courts**

See _28 U.S.C.S. § 1334(b)_.

Bankruptcy Law > ... > Plans > Postconfirmation
Effects > Effects of Confirmation
Business & Corporate
Compliance > ... > Plans > Postconfirmation
Effects > Effects of Confirmation

**_HN3_[⬇]** **Postconfirmation Effects, Effects of
Confirmation**

See _11 U.S.C.S. § 1141(d)(1)(A)_.

Business & Corporate Compliance > ... > Discharge
& Dischargeability > Effect of
Discharge > Protection of Debtors
Bankruptcy Law > Discharge &
Dischargeability > Effect of Discharge > Protection
of Debtors

**_HN4_[⬇]** **Effect of Discharge, Protection of Debtors**

See _11 U.S.C.S. § 524(a)(2)_.

Business & Corporate Compliance > ... > Discharge
& Dischargeability > Effect of
Discharge > Protection of Debtors
Bankruptcy Law > Discharge &
Dischargeability > Effect of Discharge > Protection
of Debtors

**_HN5_[⬇]** **Effect of Discharge, Protection of Debtors**

See _11 U.S.C.S. § 524(g)(1)(A)_.

Bankruptcy Law > ... > Plans > Postconfirmation
Effects > Effects of Confirmation
Business & Corporate
Compliance > ... > Plans > Postconfirmation
Effects > Effects of Confirmation

Business & Corporate Compliance > ... > Discharge
& Dischargeability > Effect of
Discharge > Protection of Debtors
Bankruptcy Law > Discharge &

Dischargeability > Effect of Discharge > Protection
of Debtors

**_HN6_[⬇]** **Postconfirmation Effects, Effects of
Confirmation**

The Bankruptcy Code provides that the confirmation of
a plan discharges the debtor from any debt that arose
before the date of such confirmation and that after
confirmation of a plan, the property dealt with by the
plan is free and clear of all claims and interests of
creditors. _11 U.S.C.S. § 1141(c)_, _(d)(1)(A)_. Moreover,
the discharge operates as an **_injunction_** against the
commencement or continuation of an action, the
employment of process, or an act, to collect, recover or
offset any such debt as a personal liability of the debtor.
_11 U.S.C.S. § 524(a)(2)_. The court that enters an order
confirming a plan of reorganization under Chapter 11
may issue, in connection with such order, an **_injunction_**
in accordance with this subsection to supplement the
injunctive effect of a discharge under _§ 524_. _11 U.S.C.S.
§ 524(g)(1)(A)_.

Business & Corporate
Compliance > Bankruptcy > Case
Administration > Bankruptcy Court Powers
Bankruptcy Law > Case
Administration > Bankruptcy Court Powers

Business & Corporate Compliance > ... > Discharge
& Dischargeability > Effect of
Discharge > Protection of Debtors
Bankruptcy Law > Discharge &
Dischargeability > Effect of Discharge > Protection
of Debtors

**_HN7_[⬇]** **Case Administration, Bankruptcy Court
Powers**

Bankruptcy judges, like district judges, have the power
to coerce compliance with injunctive orders. In the
bankruptcy context, the creditor who attempts to collect
a discharged debt is violating not only a statute but also
an **_injunction_** and is therefore in contempt of the
bankruptcy court that issued the order of discharge. In
addition to the traditional sanctions for coercing
compliance with an **_injunction_**-incarceration or financial
penalty, a bankruptcy court may issue orders to obviate
conduct that stands to frustrate administration of the
Bankruptcy Code. A bankruptcy court thus has the
additional power to enjoin litigants from prosecuting in
state court claims against former debtors. The party

seeking to ***enforce*** an ***injunction*** cannot, however, obtain a successive ***injunction***--i.e., an ***injunction*** ordering compliance with an existing ***injunction***. An ***injunction*** against violating an existing ***injunction*** would be superfluous, adding no judicial action and providing no additional relief.

Bankruptcy Law > Procedural
Matters > ***Jurisdiction*** > General Overview

**HN8**[⬇] **Procedural Matters, *Jurisdiction***

As a matter of basic policy, bankruptcy ***jurisdiction***, as understood today and at the time of the framing, is principally in rem ***jurisdiction***. The ***jurisdiction*** of courts adjudicating rights in the bankrupt estate included the power to issue compulsory orders to facilitate the administration and distribution of the res. A court, however, must have possession of the res in order to obtain in rem ***jurisdiction*** over its distribution. For example, by analogy to in rem admiralty cases, an analogy the Supreme Court has found applicable to bankruptcy, only if the court has exclusive custody and control over the res does it have ***jurisdiction*** over the res so as to be able to adjudicate rights in it that are binding against the world.

Bankruptcy Law > Procedural
Matters > ***Jurisdiction*** > Federal District Courts

**HN9**[⬇] ***Jurisdiction*, Federal District Courts**

The Bankruptcy Code provides that the district court in which a case under title 11 is commenced or is pending shall have exclusive ***jurisdiction*** of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate. *28 U.S.C.S. § 1334(e)(1)*. Because bankruptcy courts have exclusive ***jurisdiction*** over a debtor's property, wherever located, and over the estate, it follows that the court's ***jurisdiction*** is premised on the debtor and his estate. It is this aspect of a bankruptcy court's ***jurisdiction*** that permits it to determine all claims that anyone, whether named in the action or not, has to the property or thing in question, in that the proceeding is one against the world. Accordingly, the court administering the bankrupt's estate--the res--is the court with the power to enter orders effecting its distribution and to adjudicate rights in it that are binding against the world.

Business & Corporate
Compliance > Bankruptcy > Case
Administration > Bankruptcy Court Powers
Bankruptcy Law > Case
Administration > Bankruptcy Court Powers

Bankruptcy Law > Procedural
Matters > ***Jurisdiction*** > General Overview

Bankruptcy Law > ... > Plans > Postconfirmation
Effects > General Overview

**HN10**[⬇] **Case Administration, Bankruptcy Court Powers**

A bankruptcy court necessarily has power to ***enforce*** its own orders regarding its administration of the estate. When, in a Chapter 11 case, a bankruptcy court issues an order confirming a reorganization plan, that court retains postconfirmation ***jurisdiction*** to complete any action pertinent to the plan. Indeed, the retention of ***jurisdiction*** by the bankruptcy court after confirmation is particularly appropriate where the bankruptcy court expressly retains ***jurisdiction*** under the plan. These principles ought to be self-evident; it would wreak havoc on the federal courts to leave enforcement of the injunctive order of a bankruptcy court in one district to the interpretive whims of a bankruptcy court in ***another*** district.

Bankruptcy Law > ... > Plans > Postconfirmation
Effects > Effects of Confirmation
Business & Corporate
Compliance > ... > Plans > Postconfirmation
Effects > Effects of Confirmation

Business & Corporate Compliance > ... > Discharge
& Dischargeability > Effect of
Discharge > Protection of Debtors
Bankruptcy Law > Discharge &
Dischargeability > Effect of Discharge > Protection
of Debtors

Bankruptcy Law > Procedural
Matters > ***Jurisdiction*** > General Overview

**HN11**[⬇] **Postconfirmation Effects, Effects of Confirmation**

The court that enters an injunctive order retains

*jurisdiction* to *enforce* its order. In this respect, a bankruptcy court is no different than any other federal court, which possesses the inherent power to sanction contempt of its orders. The bankruptcy court that confirms a reorganization plan thus enters an injunctive order--the confirmation order, *11 U.S.C.S. §§ 524, 1141*--the violation of which it can sanction. That said, although a federal court's *injunction* applies nationwide, violation of an injunctive order is cognizable in the court which issued the *injunction*. Perhaps most importantly, then, the power to sanction contempt is jurisdictional. The power of a court to make an order carries with it the equal power to punish for a disobedience of that order, and the inquiry as to the question of disobedience has been, from time immemorial, the special function of the ordering court. To submit the question of disobedience to *another* tribunal would operate to deprive the proceeding of half its efficiency. The sole adjudication of contempts, and the punishments thereof, belong exclusively to each respective court. Thus, the court that issued the injunctive order alone possesses the power to *enforce* compliance with and punish contempt of that order.

Constitutional Law > The Judiciary > *Jurisdiction* > General Overview

Constitutional Law > ... > Fundamental Rights > Procedural Due Process > General Overview

**HN12**[↧]  **The Judiciary, *Jurisdiction***

The Due Process Clause requires that a federal court has *jurisdiction* over a person in order to bind that person through judgment. *U.S. Const. amend. V*. Notwithstanding this general requirement, nonparties who engage in enjoined conduct can be sanctioned when their conduct would frustrate the court's ability to render a binding judgment. Accordingly, the courts that have considered the issue generally agree that this sanction power extends to a person outside the territorial limits of the court that issued the injunctive order, provided that the person had actual notice of the order and acted in concert with the party explicitly enjoined. Analogously, in cases that are essentially in rem--and therefore concern the orderly and efficient distribution of a res--the court's power to enjoin and to sanction extends to the whole world, to any person who comes into contact with the res.

Bankruptcy Law > Procedural Matters > *Jurisdiction* > General Overview

Constitutional Law > ... > Fundamental Rights > Procedural Due Process > General Overview

Bankruptcy Law > Case Administration > Notice Business & Corporate Compliance > Bankruptcy > Case Administration > Notice

**HN13**[↧]  **Procedural Matters, *Jurisdiction***

In the bankruptcy context, a bar-date notice, published to unknown creditors, suffices to bring creditors within the power of the bankruptcy court administering the estate. This is true regardless of whether actual notice is received-provided that the means of publication are those reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action. Because the bankruptcy court has exclusive *jurisdiction* over the debtor's estate, *28 U.S.C.S. § 1334(e)*, the published notice gives potential creditors sufficient "contact" with the debtor's estate such that the court may properly enjoin those who are not present within the court's federal district consistent with *Fifth Amendment* due process. That court, then, may properly sanction those without the district when their conduct violates or frustrates the court's injunctive orders.

Bankruptcy Law > ... > Venue > Challenges to Venue > Transfers

**HN14**[↧]  **Challenges to Venue, Transfers**

The bankruptcy *jurisdiction* and venue statutes provide that a district court may transfer a case or proceeding under title 11 to a district court for *another* district, in the interest of justice or for the convenience of the parties. *28 U.S.C.S. § 1412*. "Arising under" proceedings are matters invoking a substantive right created by the Bankruptcy Code.

**Counsel:** For ALDERWOODS GROUP, INC., OSIRIS HOLDING OF FLORIDA, INC., Plaintiffs - Appellants: Ted Christopher Craig, GrayRobinson, PA, MIAMI, FL; Samuel Danon, Jamie Zysk Isani, Andrew D. Zaron, Hunton & Williams, LLP, MIAMI, FL.

For NORTHSTAR GRACELAND, LLC, Plaintiff -

Appellant: Robin Corwin Campbell, Kopelowitz Ostrow, PA, FORT LAUDERDALE, FL; Alan J. Perlman, Yoss, LLP, FORT LAUDERDALE, FL.

For REYVIS GARCIA, RAMONA JOHNSON, MERCEDES WOODBURY, Defendants - Appellees: Charles W. Throckmorton, David Aaron Samole, Kozyak Tropin & Throckmorton, PA, CORAL GABLES, FL.

**Judges:** Before TJOFLAT and MARTIN, Circuit Judges, and DAWSON,[*] District Judge.

**Opinion by:** TJOFLAT

# Opinion

 **[*961]** TJOFLAT, Circuit Judge:

The threshold issue this appeal presents is whether a bankruptcy court in one federal district has **_jurisdiction_** to determine whether a debt was discharged in a bankruptcy case litigated in **_another_** federal district. We hold that the court lacks **_jurisdiction_** and therefore do not reach the **[**2]** other issues the appeal presents.

I.

A.

The debt at issue consists of claims of tort liability possessed by relatives of people buried in a Miami, Florida cemetery, known as Graceland. The claims are set out in a class action complaint filed in the Circuit Court for Miami-Dade County, Florida ("State Court") by Reyvis Garcia, Ramona Johnson, and Mercedes Woodberry ("Creditors") in March 2008.[1] The defendants are Alderwoods Group, Inc., Osiris Holding of Florida, Inc., and Northstar Graceland, LLC ("Debtors"), Graceland's owners.[2] Creditors allege that

---

[*] Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

[1] The class action complaint was Creditors' fourth amended complaint. Creditors filed their first complaint in December 2004. The allegations of that complaint and of the second and third amended complaints are not pertinent **[**3]** here.

[2] Alderwoods Group, Inc. ("Alderwoods") was previously known as Loewen Group International, Inc. It and 816 Alderwoods subsidiaries-including Osiris Holding of Florida, Inc. ("Osiris")—operated cemeteries or other funerary facilities in dozens of states and were the debtors in the Chapter 11 bankruptcy cases referred to infra. These cases were

Debtors **[*962]** are liable to them and the members of their class for damages because, due to inadequate record keeping, Debtors are unable to locate upon request the grave sites of family members or close relatives buried in Graceland. This liability is based on the common law theories of tortious interference with dead bodies, intentional or reckless infliction of emotional distress, and gross negligence under Florida tort law.

Debtors contend that Creditors' claims were discharged in a Chapter 11 bankruptcy case in the United States Bankruptcy Court for the District of Delaware ("Delaware Bankruptcy Court"), a case they initiated on June 1, 1999, when they petitioned that court for Chapter 11 relief ("Chapter 11 Case") under the Bankruptcy Code.[3] On **[**4]** October 21, 1999, the Delaware Bankruptcy Court entered an order establishing bar dates for filing proofs of claim and approving the notice of the bankruptcy proceedings to be mailed to all known creditors and published for the benefit of all unknown creditors (the "Bar Date Order").[4] Later that October and in November 1999, Debtors published the notice in the Wall Street Journal, the New York Times, and USA Today.

On December 5, 2001, the Delaware Bankruptcy Court entered an Order confirming Debtors' plan of reorganization ("Confirmation Order") and fixing January 2, 2002, as the plan's "Effective Date." The Confirmation Order discharged all claims against Debtors, including unknown claims such as those Creditors asserted in the State Court case, that arose on or before the Effective Date and provided that the court retained **_jurisdiction_** over the reorganization after the Effective Date.

B.

---

consolidated and jointly administered under case number 99-01244 (PJW) in the Bankruptcy Court for the District of Delaware. As indicated infra, we refer to all of the cases as the "Chapter 11 Case."

Osiris purchased Graceland in 1991. Four years later, Alderwoods acquired Osiris. On December 19, 2006, Northstar Graceland, LLC ("Northstar") acquired Graceland from Osiris. Northstar is included in the term Debtors even though it was not a debtor in any of the consolidated Chapter 11 cases referred to in note 2, supra.

[3] See _11 U.S.C. § 101 et seq._

[4] The Bar Date Order provided that any creditor that did not file a proof of claim before the bar date could no longer assert its claim against Alderwoods or its subsidiaries.

On April 7, 2008, Debtors filed a "complaint" against Creditors in the United States Bankruptcy Court **[**5]** for the Southern District of Florida ("Florida Bankruptcy Court"). The complaint invoked that court's *jurisdiction* under _28 U.S.C. §§ 157_ and _1334_[5] and sought (1) a declaration[6] that the claims Creditors were attempting to litigate in State Court were discharged in the Chapter 11 Case, as of January 2, 2002, pursuant to _§ 1141 of the Bankruptcy Code_,[7] **[*963]** and (2) an order, entered pursuant to _§ 524 of the Bankruptcy Code_,[8] enjoining Creditors from pursuing their case in

––––––––––––––––––

[5] _Section 157_ states, in pertinent part:

**HN1**[⬆️] Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district. Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 . . . .

_28 U.S.C. § 157(a)-(b)(1)_.

_Section 1334_ states, in pertinent part: **HN2**[⬆️] "[T]he district courts shall have original but not exclusive *jurisdiction* of all civil proceedings arising under title 11, or arising in or related to cases under title 11." _28 U.S.C. § 1334(b)_.

[6] The complaint invoked the Declaratory **[**6]** Judgement Act, _28 U.S.C. § 2201_, which provides that "[i]n a case of actual controversy within its *jurisdiction*, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."

[7] _Section 1141_ states, in pertinent part: **HN3**[⬆️] "Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan discharges the debtor from any debt that arose before the date of such confirmation . . . ." _11. U.S.C. § 1141(d)(1)(A)_.

[8] _Section 524_ states, in pertinent part:

**HN4**[⬆️] A discharge in a case under this title voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged . . . .

. . . .

**HN5**[⬆️] After notice and hearing, a court that enters an order confirming a plan of reorganization under chapter 11 may issue, in connection with such order, an *injunction* in accordance with this subsection to supplement the injunctive effect of a discharge under this

State Court.[9]

In response, Creditors moved the Florida Bankruptcy Court to dismiss the Debtors' complaint for lack of subject matter *jurisdiction* or, in the alternative, to abstain from exercising *jurisdiction* and/or to remand the case to state court.[10] The Florida Bankruptcy Court heard Creditors' motion and denied it, concluding that it had subject matter *jurisdiction* over the dispute and that neither abstention nor remand was required or appropriate.

On June 9, 2008, Creditors answered Debtors' complaint. Creditors alleged that the the notice to unknown creditors published in the Chapter 11 Case pursuant to the Bar Date Order was constitutionally inadequate; therefore, their claims had not been discharged.

After the pleadings closed, the parties filed cross-motions for summary judgment.[11] Addressing Creditors' assertion concerning the notice to unknown creditors, the Florida Bankruptcy Court ruled that the publication of the notice was inadequate. The publication failed to meet the standard set by _Fifth Amendment's Due_

––––––––––––––––––

section.

_11 U.S.C. § 524(a)(2)_, _(g)(1)(A)_.

[9] Compl. for Declaratory Relief at 5-6, _Alderwoods Grp. v. Garcia_, No. 08-1266-BKC-RAM-A (Bankr. S.D. Fla. Apr. 7, 2008). **[**7]** In addition to damages and injunctive relief, the complaint sought "such other and further relief as the Court deems just and proper." _Id_. at 6.

[10] The gist of the Creditors' motion was that the Florida Bankruptcy Court could not exercise *jurisdiction* over what was effectively an affirmative defense of discharge masquerading as a request for declaratory relief—in essence, that Debtors were asserting no federally created right. Debtors, in turn, argued that the Chapter 11 Case discharge *injunction* was a matter of federal bankruptcy law and that, in determining whether Creditors' State Court action was barred by that discharge, the Florida Bankruptcy Court was properly exercising federal **[**8]** *jurisdiction*.

[11] At the hearing held on the motions for summary judgment, Creditors' counsel apparently conceded that the State Court claims were subject to discharge provided that adequate notice of the Chapter 11 Case had been provided. Presumably because of this concession, the Florida Bankruptcy Court framed the issues before it as whether Creditors' requested injunctive relief was a claim subject to discharge and whether the notice published in the Chapter 11 Case provided adequate notice as to all of Creditors' claims.

*Process Clause*, as explicated by *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950)*, because it was not "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Alderwoods Grp. v. Garcia, 420 B.R. 609, 617 (Bankr. S.D. Fla. 2009)* (quoting *Mullane, 339 U.S. at 314, 70 S. Ct. at 657*) (emphasis omitted) (internal quotation marks omitted). In the court's view, the publication failed to meet this standard because the notice did not contain the name of the Graceland cemetery and **[**9]** its **[*964]** operator at the time the Chapter 11 Case was pending; moreover, the notice was not published in Miami's local newspaper.[12] The Florida Bankruptcy Court therefore denied Debtors' motion for summary judgment and granted Creditors' motion, declaring that the claims Creditors were prosecuting in State Court had not been discharged in the Chapter 11 Case.

C.

Debtors appealed the court's decision to the United States District Court for the Southern District of Florida,[13] presenting four arguments for reversal: (1) One of the Creditors was a nonresident alien at the time the Chapter 11 Case was being heard and therefore had no right to due process; (2) the published notice comported with due process; (3) even if the notice did not meet Mullane's due process standard, Creditors suffered no prejudice; and (4) the State Court claims should be considered discharged because the notice contained Debtors' names. The District Court rejected all four arguments and affirmed. The District Court thereafter denied Debtors' motion to alter or amend judgment.[14] See *Fed. R. Civ. P. 59(e)*. Debtors now appeal the District Court's judgment and the order denying *Rule 59(e)* relief.[15]

In its brief to this court, Debtors raise four issues: (1) whether the Florida Bankruptcy Court had subject matter *jurisdiction* to consider Creditors' due process defense; (2) whether the District Court erred in denying Debtors' motion to alter or amend judgment; (3) whether the Florida Bankruptcy Court erred in granting Creditors summary judgment; and (4) whether the Florida Bankruptcy Court erred in denying Debtors' motion for summary judgment. We do not address these issues because we conclude that the Florida Bankruptcy Court lacked *jurisdiction* to entertain Debtors' complaint for declaratory relief.

**[*965]** II.

A.

*HN6*[↑] The Bankruptcy Code provides that "the confirmation of a plan . . . discharges the debtor from any debt that arose before the date of such confirmation" and that "after confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors." *11 U.S.C. § 1141(c), (d)(1)(A)*. Moreover, the discharge "operates as an *injunction* against the commencement or continuation of an action, the employment **[**13]** of process, or an act, to collect, recover or offset any such debt as a

---

[12] The Bankruptcy Court reasoned that because "prior to the Effective Date of their plan of reorganization, [Debtors] knew enough about record-keeping problems and lost burials, or at the very least, the difficulties it was experiencing locating grave-sites at Graceland," Debtors could "reasonably expect future problems and future **[**10]** claims from family members like [Creditors] here." *Alderwoods Grp. v. Garcia, 420 B.R. 609, 622-23 (Bankr. S.D. Fla. 2009)*. The Florida Bankruptcy Court found the notice inadequate in that Creditors could not have known from reading the notice that it referred to Graceland.

[13] The District Court had appellate *jurisdiction* pursuant to *28 U.S.C. § 158(a)*: **[**11]** "The district courts of the United States shall have *jurisdiction* to hear appeals . . . from final judgments, orders, and decrees . . . entered in cases and proceedings referred to the bankruptcy judges . . . ."

[14] In its *Rule 59(e)* motion, Debtors argued that the nonresident alien Creditor—who lived in Cuba at the time of the Chapter 11 Case—did not enjoy the right of due process and thus was not entitled to adequate notice of the bankruptcy proceeding.

[15] We have *jurisdiction* pursuant to *28 U.S.C. § 158(d)(1)*, which gives the courts of appeals appellate *jurisdiction* over "final decisions, judgments, orders, and decrees entered" by the district courts in exercise of their appellate *jurisdiction* under *28 U.S.C. § 158(a)*. "The plain meaning of this provision grants this court *jurisdiction* of appeals only where the district court exercised appellate *jurisdiction* from a decision by a bankruptcy judge, not where the district court exercised original *jurisdiction*." *Jove Eng'g, Inc. v. I.R.S., 92 F.3d 1539, 1547 (11th Cir. 1996)*. Of course, "[a] court of appeals' *jurisdiction* over a district court's review of a bankruptcy court order can only be based on a proper exercise of the district court's **[**12]** *jurisdiction*." *In re Vlasek, 325 F.3d 955, 960 (7th Cir. 2003)*. We nevertheless also have *jurisdiction* over this appeal pursuant to *28 U.S.C. § 1291*.

personal liability of the debtor." Id. § 524(a)(2). "[The] court that enters an order confirming a plan of reorganization under chapter 11 may issue, in connection with such order, an **injunction** in accordance with this subsection to supplement the injunctive effect of a discharge under [§ 524]." Id. § 524(g)(1)(A). Indeed, the Confirmation Order so provided: "as of the Effective Date, all entities that . . . hold a Claim or other debt or liability that is discharged . . . are permanently enjoined from . . . commencing or continuing in any manner any action . . . against the Debtors." In re Loewen Grp. Int'l, Jointly Administered Case No. 99-1244 (PJW), slip op. at 60-61 (Bankr. D. Del. Dec. 5, 2001) (Confirmation Order).

Once Debtors were served with Creditors's complaint in the State Court case, they had four options to challenge Creditors' prosecution of that case. Debtors could (1) assert the discharge provided by the Confirmation Order as an affirmative defense in the State Court case; (2) remove the case to United States District Court for the Southern District of Florida under 28 U.S.C. § 1452(a); (3) move **[**14]** the Delaware Bankruptcy Court to reopen the Chapter 11 case pursuant to 11 U.S.C. § 350(b);[16] or (4) initiate a proceeding in the Delaware Bankruptcy Court for the enforcement of the statutory **injunction** provided by 11 U.S.C. § 524(a)(2), as reflected in the Confirmation Order. In re Kewanee Boiler Corp., 270 B.R. 912, 918 (Bankr. N.D. Ill. 2002) (citing Stucker v. Cardinal Bldg. Materials, Inc. (In re Stucker), 153 B.R. 219, 222 (Bankr. N.D. Ill. 1993)); see also In re James, 184 B.R. 147, 150-51 (Bankr. N.D. Ala. 1995) (listing the four options discussed above). Debtors eschewed the first three options[17] and chose

---

[16] Section 350(b) states, in pertinent part, that "[a] case may be reopened . . . to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).

[17] Debtors rejected option (1) by not pleading the discharge as an affirmative defense in the State Court case.

As for option (2), 28 U.S.C. § 1452 gives the district courts removal **jurisdiction** **[**15]** for "claims related to bankruptcy cases":

A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to **enforce** such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has **jurisdiction** of such claim or cause of action under section 1334 of this title.

the **[*966]** fourth, except that it initiated the proceeding

28 U.S.C. § 1452(a). Removal of cases under § 1452(a) is possible only within "30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed." Fed. R. Bankr. P. 9027(a)(3)(A); see also 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."). Section 1334 refers to 28 U.S.C. § 1334, "Bankruptcy Cases and Proceedings," which gives "the district courts . . . original and exclusive **jurisdiction** of all cases under [the Bankruptcy **[**16]** Code]," id. § 1334(a), and for "original but not exclusive **jurisdiction** of all civil proceedings arising under [the Bankruptcy Code], or arising in or related to cases under [the Bankruptcy Code]," id. § 1334(b).

Debtors did not choose option (2) by timely removing the State Court case—in whole or in part—to federal court. Debtors did not file their complaint for declaratory relief in the Florida Bankruptcy Court until April 2008, nearly four years after Creditors filed the State Court action, in December 2004. Thus, even if the Florida Bankruptcy Court had treated the complaint as a de facto removal under 28 U.S.C. § 1452(a), that removal would have been untimely. And the general removal statute, 28 U.S.C. § 1441, would not have applied; the State Court case, consisting only of state-law claims, was not one "of which the district courts of the United States have original **jurisdiction**." 28 U.S.C. § 1441(a).

As for option (3), 11 U.S.C. § 350 provides for the bankruptcy courts' administrative powers to open and close bankruptcy cases:

(a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.

(b) A case may be reopened in the court **[**17]** in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

11 U.S.C. § 350. "[U]nder Bankruptcy Rule 4007(b) either the debtor or the creditor can move to reopen the case for the purpose of filing a complaint to determine dischargeability." In re James, 184 B.R. 147, 150-51 (Bankr. N.D. Ala. 1995) (quoting In re Mendiola, 99 B.R. 864, 870 (Bankr. N.D. Ill. 1989) (internal quotation marks omitted). Bankruptcy Rule 4007 provides that "[a] debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt." Fed. R. Bankr. P. 4007(a). "This rule prescribes the procedure to be followed when a party requests the court to determine dischargeability of a debt pursuant to **§523** of the Code," id. note, which in turn lists exceptions to discharge under, inter alia, 11 U.S.C. § 1141, see **11 U.S.C. § 523**. Thus, § 350(b) provides a mechanism whereby, after an estate has been administered according to a confirmed reorganization

by filing a complaint for declaratory and injunctive relief in the Florida Bankruptcy Court instead of petitioning the Delaware Bankruptcy Court to **_enforce_** the discharge **_injunction_**.

B.

**HN7** [↑] Bankruptcy judges, like district judges, have the power to coerce compliance with injunctive orders. In the bankruptcy context, "the creditor who attempts to collect a discharged debt is violating not only a statute but also an **_injunction_** and is therefore in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Del., Inc., 239 F.3d 910, 915 (7th Cir. 2001)* (citing *Pertuso v. Ford Motor Credit Co., 233 F.3d 417, 421 (6th Cir. 2000)*; *Ins. Co. of N. Am. v. NGC Settlement Trust & Asbestos Claims Mgmt. Corp. (In re Nat'l Gypsum Co.), 118 F.3d 1056, 1063 (5th Cir. 1997)*); *accord Hardy v. United States ex rel. I.R.S. (In re Hardy), 97 F.3d 1384, 1390 (11th Cir. 1996)* ("[Creditor] may be liable for contempt . . . if it willfully violated the permanent **[**19]** **_injunction_** of § 524." (emphasis omitted). In addition to the traditional sanctions for coercing compliance with an **_injunction_**-incarceration or financial penalty, *see Newman v. Alabama, 683 F.2d 1312, 1318 (11th Cir. 1982)*-a bankruptcy court may issue orders to obviate conduct that stands to frustrate administration of the Bankruptcy Code, *see In re Hardy, 97 F.3d at 1389* (explaining that a bankruptcy court may issue "any type of order, whether injunctive, compensative or punitive, as long as it is necessary or appropriate to **[*967]** carry out the provisions of the Bankruptcy Code." (quoting *Jove Eng'g, Inc. v. I.R.S., 92 F.3d 1539, 1553-54 (11th Cir. 1996)* (quoting *28 U.S.C. § 105*)) (internal quotation marks omitted)).[18] A bankruptcy court thus has the

---

plan, the debtor or a creditor may reopen a bankruptcy case to obtain a determination of whether the creditor's claim is of a type exempted from discharge pursuant to **11 U.S.C. § 523**.

Debtors **[**18]** did not choose option (3) because they did not-and could not-move the Florida Bankruptcy Court to reopen the Chapter 11 Case. The case would have to be reopened, if at all, by the Delaware Bankruptcy Court which had administered the case. See *11 U.S.C. § 350(b)* ("A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." (emphasis added)).

[18] Federal judges have inherent power under Article III of the United States Constitution to hold litigants in civil contempt for violating court orders, *see Chambers v. NASCO, Inc., 501 U.S. 32, 44, 111 S. Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991)*,

---

additional power to enjoin litigants from prosecuting in state court claims against former debtors. In *Travelers Indemnity Co. v. Bailey, 557 U.S. 137, 129 S. Ct. 2195, 174 L. Ed. 2d 99 (2009)*, for instance, the Supreme Court cited "Travelers['s] invo[cation of] the terms of the [discharge] [o]rders in moving the Bankruptcy Court to enjoin 26 [suits] pending in state courts" and the Bankruptcy Court's subsequent order clarifying that the suits **[**20]** "were, and remained, prohibited by the [discharge] [o]rders" as an uncontroversial exercise of the bankruptcy court's "**_jurisdiction_** to interpret and **_enforce_** its own prior orders." *Id. at 143, 151, 129 S. Ct. at 2200, 2205*; *see also Cont'l Ill. Nat'l Bank v. Chicago, 294 U.S. 648, 675, 55 S. Ct. 595, 606, 79 L. Ed. 1110 (1935)* ("The power to issue an **_injunction_** when necessary to prevent the defeat or impairment of its **_jurisdiction_** is inherent in a court of bankruptcy, as it is in a duly established court of equity."); *Local Loan Co. v. Hunt, 292 U.S. 234, 241, 54 S. Ct. 695, 697-98, 78 L. Ed. 1230 (1934)* ("[It is] the authority of the bankruptcy court to entertain the present proceeding, determine the effect of the adjudication and [discharge] order, and enjoin petitioner from its threatened interference

---

such as an **_injunction_** effected by *11 U.S.C. § 524(a)(2)*, *see, e.g., Matthews v. United States (In re Matthews), 184 B.R. 594, 598 (Bankr. S.D. Ala. 1995)* **[**21]** ("Civil contempt power is inherent in bankruptcy courts since all courts have authority to **_enforce_** compliance with their lawful orders. This inherent authority extends to statutory 'orders' such as . . . the discharge **_injunction_**." (citing *In re Galvez, 119 B.R. 849, 849 (Bankr. M.D. Fla. 1990))*.

Bankruptcy-court power in this respect is given also by *§ 105(a) of the Bankruptcy Code*:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to **_enforce_** or implement court orders or rules, or to prevent an abuse of process.

*11 U.S.C. § 105(a)*; *see also Hardy v. United States ex rel. I.R.S. (In re Hardy), 97 F.3d 1384, 1389 (11th Cir. 1996)* ("*Section 105* creates a statutory contempt power, distinct from the court's inherent contempt powers in bankruptcy proceedings."). "While a defendant may be cited for contempt under the court's inherent powers only upon a showing of 'bad faith,' [Creditor] may be liable **[**22]** for contempt under *§ 105* if it willfully violated the permanent **_injunction_** of § 524." *In re Hardy, 97 F.3d at 1390* (quoting *Glatter v. Mroz (In re Mroz), 65 F.3d 1567, 1575 (11th Cir. 1995))* (emphasis omitted).

therewith.").[19]

**[*968]** The party seeking to **_enforce_** an **_injunction_** cannot, however, obtain a _successive_ **_injunction_**—i.e., an **_injunction_** ordering compliance with an existing **_injunction_**. See, e.g., _Barrientos v. Wells Fargo Bank, N.A., 633 F.3d 1186, 1190 (9th Cir. 2011)_ ("An **_injunction_** against violating an existing **_injunction_** would be superfluous, adding no judicial action and providing no additional relief." (citing _Solow v. Kalikow (In re Kalikow), 602 F.3d 82, 93-94 (2d Cir. 2010)_; 1 Dan B. Dobbs, Law of Remedies § 2.8(1), at 186-89 (2d ed. 1993)).

In this case, Debtors seeks to prevent Creditors from pursuing in State Court claims purportedly discharged in the Chapter 11 Case. If the claims were discharged, Creditors may be in contempt of the discharge **_injunction_** for maintaining the State Court action. See _Cox, 239 F.3d at 915_; _In re Hardy, 97 F.3d at 1390_. But Debtors, in drafting their complaint for declaratory relief, did not frame the pleading as a motion for an order to show cause why Creditors should not be held in contempt for violating the discharge **_injunction_**. Instead, Debtors moved **[**24]** the court to declare that Creditors' claims had been discharged in the Chapter 11 Case pursuant to _§ 1141 of the Bankruptcy Code_, Compl. for Declaratory Relief ¶ 27, Alderwoods Grp. v. Garcia, No. 08-1266-BKC-RAM-A (Bankr. S.D. Fla. Apr. 7, 2008), and to enjoin Creditors "from continuing the [State Court action], pursuant to _§ 524 of the Bankruptcy Code_." Id. at 5-6. Debtors requested relief is either a misguided attempt to have the court sanction Creditors

---

[19] _11 U.S.C. § 105(a)_ empowers the bankruptcy courts to enjoin state suits. See _In re Hardy, 97 F.3d at 1389_. The Anti-**_Injunction_** Act, _28 U.S.C. § 2283_, does provide that "[a] court of the United States may not grant an **_injunction_** to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its **_jurisdiction_**, or to protect or effectuate its judgments." The current version of the Anti-**_Injunction_** Act, however, expanded upon the earlier version; "[a]n exception as to Acts of Congress relating to bankruptcy was omitted and the general exception substituted to cover all exceptions." Id. note. Hence, "[t]he language of _§ 105_ encompasses any type of order, whether injunctive, compensative or punitive, as long as it is necessary or appropriate to carry out the provisions of the Bankruptcy Code," _In re Hardy, 97 F.3d at 1389_ (quoting _Jove Eng'g, 92 F.3d at 1553-54_ (quoting _28 U.S.C. § 105_)) (internal quotation marks omitted)), such **[**23]** as when allowing a state-court claimant to prosecute his suit would frustrate administration of the bankruptcy estate.

purported contempt of the Chapter 11 Case's discharge provision by enjoining Creditors from prosecuting their State Court action,[20] cf. _Travelers Indem. Co., 557 U.S. at 148-52, 129 S. Ct. at 2203-05_, or it is an impermissible pursuit of a successive **_injunction_**, cf. _Barrientos, 633 F.3d at 1190_.

We think it unnecessary to distill any further the relief Debtors' complaint seeks. What Debtors want is the enforcement of their discharge **_injunction_**. If they meant to obtain it by having a bankruptcy court sanction Creditors' contempt for disregarding the **_injunction_** by, for example, enjoining Creditors from prosecuting the State Court action, then the Florida Bankruptcy Court was not the court with the power to do so.

C.

The ultimate question in a case like this one is which court has **[**26]** the power to **_enforce_** the discharge **_injunction_**. To answer this question, we must understand the relationship **[*969]** between a bankrupt's estate and the administration of the estate.

1.

_HN8_[↑] As a matter of basic policy, "[b]ankruptcy **_jurisdiction_**, as understood today and at the time of the framing, is principally in rem **_jurisdiction_**." _Cent. Va. Cmty. Coll. v. Katz, 546 U.S. 356, 369, 126 S. Ct. 990, 1000, 163 L. Ed. 2d 945 (2006)_. "[T]he **_jurisdiction_** of courts adjudicating rights in the bankrupt estate included

---

[20] We say misguided because Alderwoods's complaint does not reflect the proper procedure to invoke the court's civil contempt power.

If the plaintiff (the party obtaining the writ) believes that the defendant (the enjoined party) is failing to comply with the decree's mandate, the plaintiff moves the court to issue an order to show cause why the defendant should not be adjudged in civil contempt and sanctioned. The plaintiff's motion cites **[**25]** the injunctive provision at issue and alleges that the defendant has refused to obey its mandate. If satisfied that the plaintiff's motion states a case of non-compliance, the court orders the defendant to show cause why he should not be held in contempt and schedules a hearing for that purpose. At the hearing, if the plaintiff proves what he has alleged in his motion for an order to show cause, the court hears from the defendant. At the end of the day, the court determines whether the defendant has complied with the injunctive provision at issue and, if not, the sanction(s) necessary to ensure compliance.

_Reynolds v. Roberts, 207 F.3d 1288, 1298 (11th Cir. 2000)_ (footnote omitted) (citations omitted).

the power to issue compulsory orders to facilitate the administration and distribution of the res." *Id. at 362, 126 S. Ct. at 996*. A court, however, must have possession of the res in order to obtain in rem **jurisdiction** over its distribution. For example, by analogy to in rem admiralty cases[21]—an analogy the Supreme Court has found applicable to bankruptcy, see *Tenn. Student Assistance Corp. v. Hood, 541 U.S. 440, 446-47, 124 S. Ct. 1905, 1910, 158 L. Ed. 2d 764 (2004)*-we have said that "[o]nly if the court has exclusive custody and control over the [res] does it have **jurisdiction** over the [res] so as to be able to adjudicate rights in it that are binding against the world," *Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel, 657 F.3d 1159, 1171 (11th Cir. 2011)* **[**27]** (quoting *R.M.S. Titanic, Inc. v. Haver, 171 F.3d 943, 964 (4th Cir. 1999))* (internal quotation marks omitted).[22]

*HN9*[⬆️] The Bankruptcy Code provides that "[t]he district court in which a case under title 11 is commenced or is pending shall have exclusive **jurisdiction** of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." *28 U.S.C. § 1334(e)(1)*. Because "[b]ankruptcy courts have exclusive **jurisdiction** over a debtor's property, wherever located, and over the estate," it follows that "the court's **jurisdiction** is premised on the debtor and his estate." *Hood, 541 U.S. at 447, 124 S. Ct. at 1910* (citing *28 U.S.C. § 1334(e))*. It is this aspect of a bankruptcy court's **jurisdiction** **[**28]** that "permits it to 'determin[e] all claims that anyone, whether named in the action or not, has to the property or thing in question,'" in that "'[t]he proceeding is "one against the world."'" *Id. at 448, 124 S. Ct. at 1911* (quoting 16 J. Moore et al., *Moore's Federal Practice § 108.70[1]* (3d ed. 2004)) (alteration in original). Accordingly, the court administering the bankrupt's estate—the res—is the court with the power to enter orders effecting its distribution and to "adjudicate rights in it that are binding against the

world." *Odyssey Marine, 657 F.3d at 1171* (quoting *R.M.S. Titanic, 171 F.3d at 964*) (internal quotation marks omitted).

Logically, then, *HN10*[⬆️] a bankruptcy court necessarily has power to **enforce** its own orders regarding its administration of the estate. *Local Loan Co., 292 U.S. at 241, 54 S. Ct. at 697-98*. When, in a Chapter 11 case, a bankruptcy court issues an order confirming a reorganization plan, that court "retains postconfirmation **jurisdiction** to complete any action pertinent to the plan." *9D Am. Jur. 2d Bankruptcy § 3014* (2012); see also *28 U.S.C. §§ 157, 1334* (providing the bankruptcy courts—by operation of referral under *§ 157*-"original but not exclusive **jurisdiction** **[**29]** of all civil **[**970]** proceedings arising under title 11, or arising in or related to cases under title 11."). Indeed, "[t]he retention of **jurisdiction** by the bankruptcy court after confirmation is particularly appropriate where . . . the bankruptcy court expressly retains **jurisdiction** under the plan." *LTV Corp. v. Back (In re Chateaugay Corp.), 201 B.R. 48, 66 (Bankr. S.D.N.Y. 1996)* (citing *Hosp. & Univ. Prop. Damage Claimants v. Johns-Manville Corp. (In re Johns-Manville Corp.), 7 F.3d 32, 34 (2d Cir. 1993))*. These principles ought to be self-evident; it would wreak havoc on the federal courts to leave enforcement of the injunctive order of a bankruptcy court in one district to the interpretive whims of a bankruptcy court in **another** district.

Moreover, *HN11*[⬆️] the court that enters an injunctive order retains **jurisdiction** to **enforce** its order. In this respect, a bankruptcy court is no different than any other federal court, which possesses the inherent power to sanction contempt of its orders. See *Chambers v. NASCO, Inc., 501 U.S. 32, 50, 111 S. Ct. 2123, 2136, 115 L. Ed. 2d 27 (1991)*. The bankruptcy court that confirms a reorganization plan thus enters an injunctive order-the confirmation order, see **[**30]** *11 U.S.C. §§ 524, 1141*-the violation of which it can sanction. That said, although a federal court's **injunction** applies nationwide, "[v]iolation of an injunctive order is cognizable in the court which issued the **injunction**." *Waffenschmidt v. MacKay, 763 F.2d 711, 716 (5th Cir. 1985)* (quoting *Stiller v. Hardman, 324 F.2d 626, 628 (2d Cir. 1963))* (alteration in original) (emphasis added) (quotation marks omitted); see also *Cox, 239 F.3d at 915* ("the creditor who attempts to collect a discharged debt is violating not only a statute but also an **injunction** and is therefore in contempt of the bankruptcy court that issued the order of discharge." (emphasis added)).

---

[21] Libels against salvaged vessels or the proceeds thereof are in rem proceedings. *The Sabine, 101 U.S. (11 Otto) 384, 386, 25 L. Ed. 982 (1880)*.

[22] The same is true of civil forfeiture proceedings. "[I]t long has been understood that a valid seizure of the res is a prerequisite to the initiation of an in rem civil forfeiture proceeding." *Republic Nat'l Bank of Miami v. United States, 506 U.S. 80, 84, 113 S. Ct. 554, 557, 121 L. Ed. 2d 474 (1992)* (emphasis omitted).

Perhaps most importantly, then, the power to sanction contempt is jurisdictional.

> [T]he power of a court to make an order carries with it the equal power to punish for a disobedience of that order, and the inquiry as to the question of disobedience has been, from time immemorial, the special function of the [ordering] court. . . . To submit the question of disobedience to *another* tribunal . . . would operate to deprive the proceeding of half its efficiency. . . . [T]he sole adjudication of contempts, and the punishments thereof [belong] [**31] exclusively . . . to each respective court.

*In re Debs, 158 U.S. 564, 594-95, 15 S. Ct. 900, 910, 39 L. Ed. 1092 (1895)* (citation omitted) (internal quotation marks omitted), abrogated on other grounds by *Bloom v. Illinois, 391 U.S. 194, 88 S. Ct. 1477, 20 L. Ed. 2d 522 (1968)*; see also *Baker ex rel. Thomas v. Gen. Motors Corp., 522 U.S. 222, 118 S. Ct. 657, 139 L. Ed. 2d 580 (1998)* ("[The] nonrendition forum *enforces* the monetary relief portion of a judgment but leaves enforcement of the injunctive portion to the rendition forum." (citing *Stiller v. Hardman, 324 F.2d 626, 628 (2d Cir. 1963)))*.

Thus, the court that issued the injunctive order alone possesses the power to *enforce* compliance with and punish contempt of that order. *In re Debs, 158 U.S. at 595, 15 S. Ct. at 910*; see also *Waffenschmidt, 763 F.2d at 716* ("Enforcement of an *injunction* through a contempt proceeding must occur in the issuing *jurisdiction* because contempt is an affront to the court issuing the order."); Suntex *Dairy v. Bergland, 591 F.2d 1063, 1068 (5th Cir. 1979)* ("If [conduct] is found by the Missouri court to be in violation of its *injunction*, it may be in contempt of that court. The appropriate response to such [**32] contempt, if it exists, is a matter for the [*971] Missouri district court under that court's continuing *jurisdiction* to *enforce* or protect its *injunction* order.");[23] *Sullivan v. United States, 4 F.2d 100, 101 (8th Cir. 1925)* ("[T]he court which issues the *injunction* is the court against which the contempt is committed and the court which has *jurisdiction* to deal with it."). Other courts are without *jurisdiction* to do so.

In the case at hand, it is apparent that if Creditors' filing

of the State Court action indeed violated the discharge *injunction* contained in the Confirmation Order, then it was the Delaware Bankruptcy Court's *injunction* to *enforce*—not the Florida Bankruptcy Court's. The Chapter 11 Case was administered by the Delaware Bankruptcy Court; that court confirmed Debtors' reorganization plan and entered the order discharging Debtors' preconfirmation liabilities. As the court that controlled the res of Debtors' estate, the Delaware Bankruptcy Court retained *jurisdiction* to effectuate [**33] and *enforce* the discharge *injunction*. This is even more apparent considering that the Confirmation Order explicitly enjoined suits to collect on discharged debts and vested continuing *jurisdiction* in the Delaware Bankruptcy Court to *enforce* violations of the discharge *injunction*. See *In re Chateaugay Corp., 201 B.R. at 66*. If Creditors' claims were discharged, then the Delaware Bankruptcy Court alone had the power to sanction Creditors' alleged contempt for prosecuting discharged claims in violation of the *injunction*. See, e.g., *Waffenschmidt, 763 F.2d at 716*. Thus, regardless of how Debtors framed the allegations of the complaint they filed in the Florida Bankruptcy Court-as seeking the sanctioning of Creditors' alleged contempt, an *injunction* against further violation of the discharge *injunction*, or an order enjoining the State Court case from proceeding further—the Florida Bankruptcy Court lacked *jurisdiction* to entertain the complaint because the discharge *injunction* was never its to *enforce*.

2.

That alleged contemnors are without the territorial *jurisdiction* of the rendition forum is of no moment. As a general principle, *HN12*[↑] the *Due Process Clause* requires that a federal court has *jurisdiction* [**34] over a person in order to bind that person through judgment. See *U.S. Const. amend. V*; *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104, 108 S. Ct. 404, 409, 98 L. Ed. 2d 415 (1987)* ("The requirement that a court have personal *jurisdiction* flows . . . from the *Due Process Clause*. . . . It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty." (quotation omitted) (second alteration in original)). Notwithstanding this general requirement, nonparties who engage in enjoined conduct can be sanctioned when their conduct would frustrate the court's "ability to render a binding judgment." *United States v. Hall, 472 F.2d 261, 267 (11th Cir. 1972)*. Accordingly, the courts that have considered the issue generally agree that this sanction power extends to a person outside the territorial limits of the court that

---

[23] In *Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)* (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

issued the injunctive order, provided that the person had actual notice of the order and acted in concert with the party explicitly enjoined. *ClearOne Communications, Inc. v. Bowers, 651 F.3d 1200, 1215-16 (10th Cir. 2011)*; *Sec. & Exch. Comm'n v. Homa, 514 F.3d 661, 673-75 (7th Cir. 2008)*; *Waffenschmidt, 763 F.2d at 714*.

 **[\*\*35]** Analogously, **[\*972]** in cases that are essentially in rem—and therefore concern the orderly and efficient distribution of a res—the court's power to enjoin and to sanction extends to the whole world, to any person who comes into contact with the res. See *Hall, 472 F.2d at 265-66* ("Federal courts have issued **injunctions** binding on all persons, regardless of notice, who come into contact with property which is the subject of a judicial decree."); see also *Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1103 (11th Cir. 2004)* ("When particular property is before the district court . . . such as when it is the subject of an in rem proceeding or in the custody of a bankruptcy trustee, the court may generally enjoin proceedings in any other court regarding that property." (citing *Macon Uplands Venture v. Metro. Life Ins. Co. (In re Macon Uplands Venture), 624 F.2d 26, 28 (5th Cir. 1980))*).[24]

*HN13*[⬆] In the bankruptcy context, a bar-date notice,  **[\*\*37]** published to unknown creditors, suffices to bring creditors within the power of the Bankruptcy Court administering the estate. This is true regardless of

whether actual notice is received-provided that the means of publication are those "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950)*; see also *City of New York v. N.Y., N. H. & H. R. Co., 344 U.S. 293, 296, 73 S. Ct. 299, 301, 97 L. Ed. 333 (1953)* ("[W]hen the names, interests and addresses of [creditors] are unknown, plain necessity may cause a resort to publication."). Because the Bankruptcy Court has exclusive **jurisdiction** over the debtor's estate, *28 U.S.C. § 1334(e)*, the published notice gives potential creditors sufficient "contact" with the debtor's estate such that the court may properly enjoin those who are not present within the court's federal district consistent with *Fifth Amendment* due process. That court, then, may properly sanction those without the district when their conduct violates or frustrates the court's injunctive orders. So, too, could the **[\*\*38]** Delaware Bankruptcy Court adjudicate the rights of Creditors and the members of their class, notwithstanding that Creditors and those similarly situated may or may not have independent jurisdictional ties to the District of Delaware.[25]

---

[24] An **injunction** to cease prosecuting a claim that was discharged in bankruptcy is such an **injunction**. The discharge granted by operation of *11 U.S.C. § 524* "embodies the 'fresh start' concept of the bankruptcy code." *In re Hardy, 97 F.3d at 1388-89*. In this sense, the discharge **injunction** itself is like an All **[\*\*36]** Writs Act **injunction** issued "in aid of" a court's **jurisdiction**, see *28 U.S.C. § 1651*, in that the discharge **injunction** is "in aid of" the purpose of the Bankruptcy Code. Similarly, enjoining prosecution of a discharged claim would also be "in aid of" the court's **jurisdiction** as a necessary means of effectuating the discharge **injunction**. See, e.g., *Local Loan Co. v. Hunt, 292 U.S. 234, 241, 54 S. Ct. 695, 697-98, 78 L. Ed. 1230 (1934)* ("[It is] the authority of the bankruptcy court to entertain the present proceeding, determine the effect of the adjudication and [discharge] order, and enjoin petitioner from its threatened interference therewith."). The bankruptcy court may issue such injunctive order pursuant to *11 U.S.C. § 105(a)*, see *In re Hardy, 97 F.3d at 1389-90*, rather than under the All Writs Act. To be clear, however, the order is distinct from an injunctive order issued as the remedy for the defendant's breach of the right asserted in the plaintiff's complaint. See *Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1092-1103 (11th Cir. 2004)* (explaining the differences between "traditional," "statutory," and "All Writs Act" **injunctions**).

[25] By analogy, posit one alternative to Debtors' course in the present setting: rather than Creditors suing Debtors in state court, Creditors sue Debtors in federal court seeking relief from Debtor's bankruptcy discharge. Creditors' remedy is not an in personam action against Debtors, but relief through *Fed. R. Civ. P. 60(d)*—made applicable to the bankruptcy courts, with certain exceptions, by *Fed. R. Bankr. P. 9024*—which provides that a court may "entertain an independent action to relieve a party from a judgment, order, or proceeding; grant relief . . . to a defendant who was not personally notified of the action; or set aside a judgment for fraud on the court." Indeed, one such ground for relief from the discharge **injunction** is lack of notice:

A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt neither listed nor scheduled under section 521(a)(1) of this title, with the **[\*\*39]** name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such

[*973] 3.

This conclusion does not fully resolve the matter at hand, for there remains the issue of how we are to dispose of this appeal. Above all, the Delaware Bankruptcy Court should be the court to consider the merits of Debtor's assertion that Creditors [**40] are pursuing discharged claims. The simplest option would be to remand the case with the instruction that Debtors' complaint be dismissed without prejudice. If that were the disposition, Debtors presumably would turn to the Delaware Bankruptcy Court for relief. Taking that course, however, would seem unnecessarily cumbersome and wasteful of judicial resources.

Instead, we believe that transferring the case to the United States District Court for the District of Delaware would be more efficient. _HN14_[↑] The bankruptcy _jurisdiction_ and venue statutes provide that "[a] district court may transfer a case or proceeding under title 11 to a district court for _another_ district, in the interest of justice or for the convenience of the parties." _28 U.S.C. § 1412_. First, if characterized as an attempt to _enforce_ the Confirmation Order's discharge _injunction_, Debtors' complaint initiated a "proceeding under title 11," _28 U.S.C. § 1412_, that triggered the Florida Bankruptcy Court's statutory transfer power, see _Cont'l Nat'l Bank of Miami v. Sanchez (In re Toledo), 170 F.3d 1340, 1345 (11th Cir. 1999)_ ("'Arising under' proceedings are matters invoking a substantive right created by the Bankruptcy Code." [**41] (citing _Wood v. Wood (In re Wood), 825 F.2d 90, 97 (5th Cir. 1987)))_; _see also 28 U.S.C. § 1334(b)_ (giving the district courts original _jurisdiction_ "of all civil proceedings arising under title 11"); _Ins. Co. of N. Am. v. NGC Settlement Trust & Asbestos Claims Mgmt. Corp. (In re Nat'l Gypsum Co.), 118 F.3d 1056, 1063-64 (5th Cir. 1997)_ ("[An] action to _enforce_ the discharge _injunction_ . . . is a federal cause of action, asserting a statutory right under the Bankruptcy Code."). Thus, _§ 1412_'s case-or-proceeding prerequisite is satisfied.

Second, although courts cite myriad factors in determining whether to transfer a case under _§ 1412_ "in the interest [*974] of justice,"[26] we think no factors favor transfer more heavily here than that (1) the transferor forum has no power to adjudicate Debtor's claim for relief and (2) the transferee forum is the only court with _jurisdiction_ to provide the relief Debtors seek. If the case is transferred to the United States District Court for the District of Delaware, that court may refer it to the Delaware Bankruptcy Court pursuant to that District Court's procedures. See _28 U.S.C. § 157(a)_ ("Each district court may provide that any or all . . . proceedings [**42] arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."). Accordingly, we shall vacate the District Court's judgment and remand the case with the instruction that the District Court transfer the case to the United States District Court for the District of Delaware.

III.

For the foregoing reasons, the judgment of the District Court is VACATED and the case is REMANDED to the District Court for the disposition set out above.

SO ORDERED.

---

**End of Document**

---

debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request . . . .

_11 U.S.C. § 523(a)(3)_. This is because in an _in rem_ proceeding, the enforceability of an _in rem_ judgment is premised upon either actual or constructive notice to any persons who may have a claim to the res. See, e.g., _Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1342 (11th Cir. 2005)_.

[26] See, for example, the interest-of-justice factors listed in _A.B. Real Estate, Inc. v. Bruno's, Inc. (In re Brunos, Inc.), 227 B.R. 311 (Bankr. N.D. Ala. 1998)_: (1) "[e]conomics of estate administration"; (2) "[p]resumption in favor of the 'home court'"; (3) "[j]udicial efficiency"; (4) "[a]bility to receive a fair trial"; (5) "[t]he state's interest in having local controversies decided within its borders, by those familiar with its laws"; (7) "[e]nforceability of any judgment rendered"; and (8) "[p]laintiff's original choice of forum." _Id. at 324-25_.